PEOPLE v ALLEN

Docket No. 136801. Submitted May 13, 1993, at Detroit. Decided
    August 2, 1993, at 9:40 A.M. Leave to appeal sought.

Talvest Allen was convicted by a jury in the Recorder's Court for
    the City of Detroit, Leonard Townsend, J., of first-degree felony
    murder, armed robbery, and possession of a firearm during the
    commission of a felony. He appealed.

The Court of Appeals held:

1. The trial court properly denied the defendant's motion for
a directed verdict. Sufficient evidence was presented to support
the charge of felony murder. There was sufficient evidence that
the defendant committed an assault while armed with a dan-
gerous weapon, and the jury reasonably could have inferred
that there was a felonious taking of property from the victim.

2. In denying the defendant's motion for a directed verdict,
the trial court, pursuant to the excited utterance exception to
the hearsay rule, properly admitted and considered a statement
by the victim.

3. The defendant's statement at trial that the trial was his
first opportunity to tell his version of the events opened the
door for the prosecutor's attempt to discredit the defendant's
testimony by showing that the defendant had an opportunity
before the trial to tell his side of the story. The defendant's
rights to a fair trial and due process were not violated, and the
prosecutor's comments during closing argument regarding the
defendant's opportunity to explain were not improper.

4. The trial court properly permitted the prosecutor to com-
ment regarding the defendant's opportunity to conform his
testimony to that of the other witnesses presented at trial. A
curative instruction could have remedied any prejudice result-
ing from the other allegedly erroneous comments of the prose-
cutor that were not objected to at trial. Manifest injustice will
not result from the failure to grant relief in this respect.

5. Neither the evidence nor the theories of the parties sup-

REFERENCES
Am Jur 2d, Criminal Law §§ 791-797; Homicide §§ 72, 190.
Impeachment of defendant in criminal case by showing defendant's
    prearrest silence—state cases. 35 ALR4th 731.

ported the cautionary accomplice instructions requested by the defendant. The court properly denied the request for the instructions.

6. The defendant's convictions of and sentences for both felony murder and the underlying felony, armed robbery, violate the defendant's right against double jeopardy. The convictions of felony murder and felony-firearm must be affirmed and the conviction of and sentence for armed robbery must be vacated.

Affirmed in part and vacated in part.

1. CONSTITUTIONAL LAW — DUE PROCESS — POSTARREST SILENCE — WITNESSES — IMPEACHMENT.

The Due Process Clause of the Fourteenth Amendment prohibits the use of postarrest, post-*Miranda* warnings silence to impeach a defendant's exculpatory story at trial; however, where the defendant claims at trial that the trial was the defendant's first opportunity to offer an exculpatory version of the events leading up to the arrest, the prosecution, in attempting to impeach the defendant's version of postarrest activity, may attempt to rebut the impression that the defendant had no opportunity before the trial to tell what happened (US Const, Am XIV).

2. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — FELONY MURDER — UNDERLYING FELONIES.

Conviction of felony murder and the underlying felony violates the state constitution's guarantee against double jeopardy (Const 1963, art 1, § 15).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Kathleen T. Donahue,* Assistant Prosecuting Attorney, for the people.

*Rose Mary C. Robinson,* for the defendant on appeal.

Before: JANSEN, P.J., and REILLY and M. R. KNOBLOCK,* JJ.

REILLY, J. Defendant appeals as of right from his

* Circuit judge, sitting on the Court of Appeals by assignment.

convictions, after a jury trial, of first-degree felony murder, MCL 750.316; MSA 28.548, armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). We affirm defendant's felony-murder and felony-firearm convictions and vacate his conviction of and sentence for armed robbery.

I

Defendant first argues that the trial court erred in denying his motion for a directed verdict because insufficient evidence was presented to support the charge of felony murder. Specifically, defendant contends that there was insufficient evidence regarding the underlying crime of armed robbery.

This Court reviews a challenge to the sufficiency of the evidence by viewing the evidence in a light most favorable to the prosecution and determining whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), cert den 449 US 885 (1980). Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime. *People v Reddick,* 187 Mich App 547, 551; 468 NW2d 278 (1991).

The essential elements of an armed robbery are (1) an assault, and (2) a felonious taking of property from the victim's person or presence, while (3) the defendant is armed with a weapon described in the statute. *People v Newcomb,* 190 Mich App 424, 430; 476 NW2d 749 (1991). On the basis of our review of the record, we conclude that there was sufficient evidence regarding the element of as-

sault and sufficient evidence to show that defendant was armed with a weapon described in the statute. Furthermore, we believe that, viewing the evidence in a light most favorable to the prosecution, a jury could have reasonably inferred that there was a felonious taking of property from the victim.

Testimony was presented that established that the victim wanted to buy crack cocaine and that she asked defendant if he could supply a "$2 crumb." Defendant responded that the victim would have to "do him," and the victim and defendant went into an apartment building. A neighbor heard a man and a woman fighting and heard a voice that she recognized as the victim's say "Stop, stop, I don't have no more." There was also testimony that no money was found on the victim when she was discovered at the bottom of a stairwell in the apartment building dead as a result of five gunshot wounds to the head. Lastly, the testimony of a witness established that defendant was seen leaving the apartment building with money in his hands.[1]

We believe that a jury could reasonably infer that the victim had at least two dollars on her before her death, and that this money was taken by defendant during the struggle preceding her death. Contrary to defendant's argument, the hearsay statement made by the victim, "Stop, stop, I don't have no more," was properly admitted and considered by the trial court in denying defendant's motion for a directed verdict. The statement

---

[1] Although this same witness testified that defendant had earlier received money from another man for the purchase of crack cocaine, the witness said that the money was given back to the purchaser when defendant could not provide the crack cocaine. Furthermore, the same witness testified that earlier that day defendant asked the witness for $5. The witness did not remember if he had given defendant the money.

was admissible under the excited utterance exception to the hearsay rule. MRE 803(2); *People v Ellis,* 174 Mich App 139, 143-144; 436 NW2d 383 (1988). *People v Jones,* 115 Mich App 543, 549-550; 321 NW2d 723 (1982), aff'd 419 Mich 577; 358 NW2d 837 (1984).

II

Next, defendant asserts that he was denied his right to a fair trial when the prosecutor was allowed to question him about his postarrest, post-*Miranda* warnings[2] silence.

The Due Process Clause of the Fourteenth Amendment prohibits the use of postarrest, post-*Miranda* warnings silence to impeach a defendant's exculpatory story at trial. *Doyle v Ohio,* 426 US 610; 96 S Ct 2240; 49 L Ed 2d 91 (1976); *People v Sutton (After Remand),* 436 Mich 575, 592; 464 NW2d 276 (1990) (opinion by BOYLE, J). However, this rule is inapplicable where a defendant claims to have told the police the same version of the exculpatory story upon arrest. *Id.* at 593. The *Doyle* Court, citing *United States v Fairchild,* 505 F2d 1378 (CA 5, 1975), made the following distinction:

> It goes almost without saying that the fact of post-arrest silence could be used by the prosecution to contradict a defendant who testifies to an exculpatory version of events and claims to have told the police the same version upon arrest. In that situation the fact of earlier silence would not be used to impeach the exculpatory story, but rather to challenge the defendant's testimony as to his behavior following arrest. [*Doyle, supra* at 619-620, n 11.]

[2] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

In the present case, defendant did not claim to have told the police the same version of his exculpatory story upon arrest. Rather, his claim on redirect examination was that the trial was his first opportunity to tell his version of the events.[3] We believe that this case falls within the exception permitting impeachment of a defendant's version of his postarrest behavior. *Doyle, supra* at 633; *Fairchild, supra.* Although defendant's testimony would not have permitted the prosecutor to argue that his postarrest silence was inconsistent with his claim of innocence, it did permit the prosecutor to attempt to discredit defendant's testimony by showing that defendant did have an opportunity before the trial to tell his side of the story. See *United States v Mavrick,* 601 F2d 921, 933 (CA 7, 1979). Having raised the issue of his opportunity to explain his version of the events, he "opened the door to a full and not just a selective development of that subject." *Fairchild, supra* at 1383; *Mavrick, supra.*

Additionally, we conclude that the prosecutor's comments during closing argument regarding defendant's opportunity to explain were not improper. The prosecutor did not use the evidence of defendant's silence as direct evidence of defen-

---

[3]

*Q. [By Mr. Collins, defense counsel:]* Is this the first time you have had to give your side of the story?

*Ms. Worthy [prosecutor]:* Objection.

*The Witness:* Yes.

*Ms. Worthy:* Objection to that form of that question. I cannot get into those answers.

*The Court:* Yes, he can go ahead.

*Q. [By Mr. Collins]:* You didn't testify at pretrial, did you?

*A.* No.

*Q.* The first time you had a chance to testify is in front of this jury; is that correct?

*A.* Yes.

dant's guilt. Compare *Fairchild, supra* at 1383. Rather, the remarks were aimed at rebutting the impression that defendant did not have an opportunity to tell his version of the events.

III

Defendant also argues that certain comments made by the prosecutor during closing argument denied him a fair trial. We disagree.

Questions of prosecutorial misconduct are decided case by case. The reviewing court examines the record and evaluates the prosecutor's remarks in context. *People v Foster,* 175 Mich App 311, 317; 437 NW2d 395 (1989). The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *Id.* Appellate review of prosecutorial misconduct is foreclosed where the defendant fails to object or request a curative instruction, unless the misconduct was so egregious that no curative instruction could have removed the prejudice to the defendant or if manifest injustice would result from our failure to review the alleged misconduct. *People v Buck,* 197 Mich App 404, 418; 496 NW2d 321 (1992).

We have already concluded that the prosecutor did not improperly comment about defendant's exercise of his right to remain silent after arrest. Additionally, we conclude that pursuant to *People v Buckey,* 424 Mich 1; 378 NW2d 432 (1985), the trial court properly permitted the prosecutor to comment about defendant's opportunity to conform his testimony to that of the other witnesses presented at trial. Contrary to defendant's argument on appeal, we do not believe that the prosecutor implied that defense counsel had assisted defendant in misleading the jury. Nor do we find that the prosecutor's comments implicated the attorney-client privilege. *Id.* at 15.

Defendant cites several other comments that he claims denied him a fair trial. However, no objections were made. We have carefully reviewed the record and conclude that a curative instruction could have remedied any prejudice arising from the comments. No manifest injustice will result from our failure to grant defendant relief in this respect. *Buck, supra* at 418.

IV

Next, defendant asserts that the trial court should have given the requested cautionary accomplice instructions, CJI2d 5.5 and 5.6, with regard to the testimony of Keith Robinson. CJI2d 5.5 defines "accomplice" as a "person who knowingly and willingly helps or cooperates with someone else in committing a crime." The instruction also informs jurors that they must decide whether the witness was an accomplice. CJI2d 5.6 instructs the jury, among other things, to be careful about accepting the accomplice's testimony.

The trial court did not err in refusing to give the requested instructions. There was no evidence that Robinson "knowingly and willingly helped or cooperated" in the killing. See *People v Holliday,* 144 Mich App 560, 574; 376 NW2d 154 (1985). Compare *People v Smith,* 158 Mich App 220, 229; 405 NW2d 156 (1987). Although Robinson was initially arrested with regard to the instant offense, he was apparently never charged. The prosecution's theory was that defendant alone committed the instant offense. Defendant's theory was that Robinson, not defendant, committed the murder. Neither side presented Robinson as an accomplice.

V

Lastly, defendant argues and the prosecution

concedes that defendant's convictions of and sentences for both felony murder and the underlying, or predicate, felony violates defendant's right against double jeopardy. We agree. Accordingly, defendant's conviction of and sentence for armed robbery must be vacated. *People v Passeno,* 195 Mich App 91, 97; 489 NW2d 152 (1992).

Defendant's felony-murder and felony-firearm convictions are affirmed. Defendant's conviction of and sentence for armed robbery are vacated.

Affirmed in part and vacated in part.