# Order

Michigan Supreme Court
Lansing, Michigan

September 11, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

Rehearing No. 558

1 January 2009

134967

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellant,

v

MICHAEL J. BORGNE,
        Defendant-Appellee.

_____

SC: 134967
COA: 269572
Wayne CC: 05-000173-01

 

The defendant's motion for rehearing of this Court's opinion, 483 Mich 178 (2009), is GRANTED in part. We consider defendant's argument that he was denied his constitutional right to the effective assistance of counsel because trial counsel failed to object to the prosecutor's improper comments and questions concerning defendant's post-arrest, post-*Miranda*[1] silence. The prosecutor's comments and questions outlined in our opinion, *id.* at 188-192, violated *Doyle v Ohio*, 426 US 610 (1976). *Id.* at 181. Nonetheless, we concluded that the unpreserved error did not amount to plain error affecting defendant's substantial rights under *People v Carines,* 460 Mich 750 (1999), and affirmed his convictions. *Id.* at 181, 201-202. We again affirm.

Defendant argues that reversal was required on the basis of ineffective assistance of counsel pursuant to *Strickland v Washington,* 466 US 668 (1984). Under *Strickland,* a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Even if defendant's trial attorney erred by failing to object, reversal is not required. Rather, in light of the "compelling, untainted evidence against defendant," see

_____

[1] *Miranda v Arizona*, 384 US 436 (1966).

*Borgne, supra* at 198-201, there was no reasonable probability that, but for the error, the result of the trial would have been different. As we observed previously, the prosecutor's comments "were not pervasive"; the prosecutor "only referred to defendant's silence under the mistaken belie[f] that defendant had raised the subject in his fleeting mention of having tried to tell his exculpatory story while being escorted to the police car. The prosecutor also referred to defendant's silence in closing argument, but it, again, was only an attempt to impeach defendant's exculpatory story." *Id.* at 198. We continued: "This use of silence did not obviate the prosecutor's need to independently prove that defendant committed the crime. And the prosecutor here presented compelling, largely consistent, untainted evidence to prove this defendant's guilt." *Id.* at 199. The victim consistently identified defendant as her assailant, including when defendant was apprehended near the scene of the crime. *Id.* at 199-200. She further identified him as the man who drove past her after the crime and yelled a self-incriminating comment at her. *Id.* at 200. A second witness corroborated this event. *Id.* at 200-201. Defendant's act of yelling at the victim after the crime was "uniquely incriminating" and was "the equivalent of an open confession to the crime." *Id.* at 200. Finally, the circumstances leading to defendant's arrest were also "highly incriminating." *Id.* at 201. He was found "crouching in the corner of an abandoned building" that was located "a few blocks from the crime scene" and "in the direction that the assailant fled from the crime scene." *Id.* This was the very building to which a bystander chased the assailant, and the bystander was found waiting outside this building. *Id.*

For these reasons, just as the *Doyle* error in this case does not support a finding of prejudice under the *Carines* plain-error standard, *id.* at 196-198, defendant cannot show that he was prejudiced by counsel's errors under the *Strickland* standard. Accordingly, we again AFFIRM defendant's convictions.

Kelly, C.J. and Cavanagh and Hathaway, JJ., would, in lieu of granting rehearing, remand to the Court of Appeals for consideration of the issue of ineffective assistance of counsel.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 11, 2009 _____        _____
                                                        Clerk