# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

MARK ALLAN MCCALLUM,

       Defendant-Appellant.

UNPUBLISHED
November 6, 2014

No. 316295
Mason Circuit Court
LC No. 12-002524-FH

Before: METER, P.J., and WHITBECK and RIORDAN, JJ.

PER CURIAM.

Defendant, Mark Allan McCallum, appeals as of right his jury trial convictions of two counts of parental kidnapping, MCL 750.350a(1). He was sentenced as a fourth-offense habitual offender, MCL 769.12, to concurrent terms of 28 months to 15 years' imprisonment. He now appeals on sufficiency of the evidence and right to counsel grounds. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

### A. STANDARD OF REVIEW

We review "de novo a challenge on appeal to the sufficiency of the evidence." *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). "In determining whether the prosecutor has presented sufficient evidence to sustain a conviction, an appellate court is required to take the evidence in the light most favorable to the prosecutor" to ascertain "whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010) (internal quotations and citations omitted). "All conflicts in the evidence must be resolved in favor of the prosecution and we will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). However, "[c]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993).

### B. ANALYSIS

Defendant was convicted of two counts of parental kidnapping, MCL 750.350a(1), for taking his two minor children for more than 24 hours with the intent to detain or conceal them

from his ex-wife, Sharon Kludy, in violation of a court order. Defendant contends that he took the children to protect them from abuse. He relies on MCL 750.350a(7), which provides: "It is a complete defense under this section if a parent proves that his or her actions were taken for the purpose of protecting the child from an immediate and actual threat of physical or mental harm, abuse, or neglect."

Defendant made several abuse allegations against Kludy in the months leading up to the charged acts. Child Protective Services (CPS) and the Michigan State Police investigated the allegations and found each to be unsubstantiated. Several witnesses testified that there was no evidence the children were abused, and Kludy repeatedly denied abusing the children. While defendant alludes to an alleged audio recording in which Kludy supposedly admits to abusing the children, no recording was produced at trial. Kludy also testified that in any such conversation, she merely placated defendant because he was overwrought.

Although defendant prefers a different interpretation of the evidence, that is not a basis for reversal. It is apparent from the verdict that the jury rejected defendant's theory of abuse, and we accord deference to that determination. *Unger*, 278 Mich App at 228-229. The evidence was sufficient to convict defendant.[1]

## II. RIGHT TO COUNSEL

### A. STANDARD OF REVIEW

Defendant next asserts that he was improperly denied the assistance of counsel. "[T]he failure to comply with MCR 6.005(E) is to be treated as any other trial error." *People v Lane*, 453 Mich 132, 140; 551 NW2d 382 (1996). We review an unpreserved claim for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 764-765; 597 NW2d 130 (1999).

### B. ANALYSIS

"The Sixth Amendment provides that the accused in a criminal prosecution 'shall enjoy the right . . . to have the Assistance of counsel for his defence'" and "[t]his requirement was made applicable to the states through the Due Process Clause of the Fourteenth Amendment." *People v Russell*, 471 Mich 182, 187; 684 NW2d 745 (2004), quoting US Const, Am VI. When reviewing a waiver of the right to counsel, "[t]he United States Supreme Court has stated that courts should indulge every reasonable presumption against waiver of fundamental constitutional rights." *People v Williams*, 470 Mich 634, 641; 683 NW2d 597 (2004) (quotation marks and citation omitted).

---

[1] The prosecution contends that this issue is a great weight challenge, and we likewise find that the verdict was not against the great weight of the evidence.

Defendant does not challenge the validity of his initial waiver of the right to counsel.[2] Instead, he argues that the trial court failed to meet its continuing duty to reaffirm his choice of self-representation at subsequent proceedings, as required by MCR 6.005(E). After the initial waiver of the right to counsel, a trial court must satisfy the requirements of MCR 6.005(E), which provides:

> (E) Advice at Subsequent Proceedings. If a defendant has waived the assistance of a lawyer, the record of each subsequent proceeding (e.g., preliminary examination, arraignment, proceedings leading to possible revocation of youthful trainee status, hearings, trial, or sentencing) need show only that the court advised the defendant of the continuing right to a lawyer's assistance (at public expense if the defendant is indigent) and that the defendant waived that right. Before the court begins such proceedings,
>
> > (1) the defendant must reaffirm that a lawyer's assistance is not wanted; or
> >
> > (2) if the defendant requests a lawyer and is financially unable to retain one, the court must appoint one; or
> >
> > (3) if the defendant wants to retain a lawyer and has the financial ability to do so, the court must allow the defendant a reasonable opportunity to retain one.

Defendant waived his right to counsel at a December 11, 2012 final conference hearing.[3] A subsequent hearing was held on February 13, 2013, to consider various motions raised by defendant and the prosecution. At that hearing, the trial court asked defendant if he still was representing himself, to which defendant responded "Yes, I am." The trial court then asked defendant if he remembered "all of the things we covered before when you asked me to be allowed to represent yourself," to which defendant responded "yes" and indicated that it was still his desire to represent himself.

Then, the first day of trial, the trial court again complied with its continuing duty to reaffirm defendant's waiver of counsel pursuant to MCR 6.005(E). Before empanelling the jury, the trial court confirmed that defendant still wished to represent himself, and advised him that he could, at any time, forego his right of self-representation and seek the assistance of his standby counsel. Defendant acknowledged that right, and repeatedly reaffirmed his desire to represent himself.

---

[2] Defendant concedes that the trial court "initially conducted an extensive colloquy with the Defendant when granting his waiver of counsel[.]"

[3] At this hearing, the prosecution informed the court that defendant had done this before, namely, represented himself in other criminal matters, and then brought a petition for habeas relief claiming that his waiver of the right to counsel was invalid.

Defendant, however, argues that the trial court failed to comply with MCR 6.005(E) because it did not confirm his waiver on each and every day of trial. A plain reading of the court rule does not require such action. MCR 6.005(E) merely requires the court to confirm the waiver before a subsequent "proceeding" such as a "trial." It does not require confirmation on each and every day of the proceeding. Because it is clear that the rule treats a "trial" as a single proceeding, we find no plain error in this regard.

Lastly, at sentencing, the trial court noted for the record defendant's continued self-representation and that defendant had stand-by counsel, as had been the case during trial. To the extent that the trial court failed to clearly ascertain defendant's continual waiver, we find no error requiring reversal. As our Supreme Court found in *Lane*, 453 Mich at 141-142, "the error was harmless under any standard because defendant has not alleged that the error has prejudiced him in any way[.]" In the instant case, defendant has failed to identify any prejudice that resulted from the trial court's error at sentencing or during plea negotiations. Therefore, he has not demonstrated an entitlement to reversal.

## III. CONCLUSION

There was sufficient evidence to support defendant's convictions. Furthermore, there were no errors regarding defendant's waiver of counsel that warrant reversal. We affirm.

/s/ Patrick M. Meter
/s/ William C. Whitbeck
/s/ Michael J. Riordan

-4-