# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ERIC JERALD CORNELL,

      Defendant-Appellant.

UNPUBLISHED
December 9, 2014

No. 317430
Van Buren Circuit Court
LC No. 13-018710-FH

---

Before: MARKEY, P.J., and SAWYER and OWENS, JJ.

PER CURIAM.

    Defendant appeals by right his convictions of first-degree home invasion, MCL 750.110a; unarmed robbery, MCL 750.530; and unlawful imprisonment, MCL 750.349b. We affirm.

    Defendant's convictions arise out of a robbery at the home of 85-year-old Andrew Diamond on the morning of March 21, 2012. A man knocked on Diamond's door. When Diamond opened it, the man pushed him inside, greeted Diamond using Diamond's nickname, and repeatedly demanded that Diamond give him the "big jar." Diamond could not positively identify defendant as the intruder because the intruder's face was obstructed by a dark stocking cap or hat and sunglasses. When Diamond insisted that he did not know what "big jar" the man wanted, the man forced Diamond to lie on the floor; he then tied Diamond's hands behind his back and put a pillow over his head while he ransacked Diamond's home. Diamond was able to free his hands; however, the man then tackled Diamond and forced him to lie face down on a couch. He then tied Diamond's hands and feet behind his back and again put a pillow over his head. Approximately 45 minutes after the man entered his home, Diamond was able to free himself. Diamond eventually determined that the "big jar" that the man had requested was a large jar that Diamond's girlfriend had placed at a bar on St. Patrick's Day to collect donations for food she had prepared for patrons of the bar. This was the only night that the large donation jar was used in public, and defendant was present at the bar in question on St. Patrick's Day. After his convictions, defendant moved for a new trial and a *Ginther*[1] hearing. Following an evidentiary hearing, the trial court found that the verdict was not against the great weight of the

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

evidence, defendant's constitutional right of confrontation was not violated, and defendant received the effective assistance of trial counsel.

Defendant's first argument on appeal is that the verdict was against the great weight of the evidence because there was insufficient evidence to establish that he was the person who committed the crimes. The identity of the perpetrator is an element of every offense. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). This Court reviews for an abuse of discretion a lower court's ruling on a motion for new trial based on the claim that the verdict was against the great weight of the evidence. *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). The trial court "abuses its discretion when it chooses an outcome that is outside the range of reasonable and principled outcomes." *People v Waclawski*, 286 Mich App 634, 670; 780 NW2d 321 (2009). A trial court may grant a motion for a new trial based on the great weight of the evidence "only if the evidence preponderates heavily against the verdict so that it would be a miscarriage of justice to allow the verdict to stand." *People v Lemmon*, 456 Mich 625, 627; 576 NW2d 129 (1998). Further, conflicts in testimony and issues of witness credibility are generally insufficient grounds for granting a new trial. *Unger*, 278 Mich App at 232. A trial court may not repudiate a jury verdict on the ground that the judge disbelieves the testimony of the prevailing party's witnesses. *Lemmon*, 456 Mich at 636. Thus, in the absence of exceptional circumstances, issues of witness credibility are for the jury to determine. *Id.* at 642.

In the present case, the physical description of the intruder matched the physical description of defendant, including a distinctive "bad" tooth on the right side of the mouth. The description of the intruder's hat and sunglasses generally matched the description of a hat and sunglasses that defendant frequently wore in the spring of 2012. The intruder greeted Diamond in a fashion nearly identical to the way that defendant routinely greeted Diamond and used Diamond's nickname, which defendant admitted he knew. Defendant admitted that he was present at the bar on the only date that the donation jar was used and specifically admitted to seeing the donation jar. Defendant did not deny involvement with the crimes when he was questioned by his friend, specifically told his friend that he was giving the police "the runaround," and told his friend that he had been to Diamond's home, although Diamond denied this. Defendant admitted to another one of his friends that he tied up a man. A short time after the robbery, defendant was observed with an amount of cash that was unusual for him to possess. Defendant's statements to the police about the events were accurately described by the trial court as "puzzling," including one statement in which he appeared to admit he was lying about the events and another statement in which he claimed that Diamond fabricated the robbery. Finally, defendant could not give the police an alibi for the time the crimes were committed. In sum, the circumstantial evidence supported a finding that defendant was the person who committed the crimes, and does not preponderate heavily against the verdict such that it would be a miscarriage of justice to allow the verdict to stand. *Unger*, 278 Mich App at 232. No exceptional circumstances existed, so the credibility of the witnesses was properly left to the jury. *Lemmon*, 456 Mich at 642. The trial court did not abuse its discretion when it denied defendant's motion for a new trial on the basis that the verdict was against the great weight of the evidence.

Defendant also argues he was denied his constitutional rights under the Confrontation Clause of confrontation during the testimony of Detective Shane Criger. US Const, Am VI; see also Const 1963, art 1, § 20. A primary interest secured by the Confrontation Clause is the right of cross-examination. *People v Fackelman*, 489 Mich 515, 528; 802 NW2d 552 (2011). But the

right of confrontation may be waived by a defendant's trial counsel if the decision constitutes reasonable trial strategy, which is presumed, and if the defendant does not object on the record. *People v Buie*, 491 Mich 294, 315; 817 NW2d 33 (2012). Where a defendant validly waives a right, there is no right to appellate relief for the alleged error because the defendant's waiver has extinguished any error. *People v Carter*, 462 Mich 206, 209, 215-216; 612 NW2d 144 (2000).

In the present case, defendant challenges Criger's testimony that the bartender gave him a list of patrons who were at the bar on St. Patrick's Day and that everyone on the list, aside from defendant, had an alibi for March 21, 2012. But Criger's testimony that he obtained a list of patrons from the bartender was elicited by defendant's counsel as part of trial strategy to discredit the police investigation. When defendant raised this issue, he opened the door to a related question from a juror, which resulted in the answer that everyone on the list except defendant provided an alibi for March 21, 2012. See *People v Allen*, 201 Mich App 98, 103; 505 NW2d 869 (1993) (presentation of evidence on an issue "'opened the door to a full and not just a selective development of that subject'")(citation omitted). Any objection to Criger's testimony that everyone on the list had an alibi would have been futile, so the decision not to object to this unfavorable testimony must be considered reasonable trial strategy to minimize it. See *Unger*, 278 Mich App at 242, 253-257. Because the admission of all of the challenged testimony was part of defendant's trial strategy and defendant did not object to it, defendant waived his right of confrontation with regard to the challenged testimony and extinguished any error that may have been committed. *Buie*, 491 Mich at 317-319; *Carter*, 462 Mich at 215.

Defendant next argues that his trial counsel was ineffective in several ways. This claim presents a mixed question of fact, which we review for clear error, and constitutional law, which we review de novo. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). A defendant must prove his claim of ineffective assistance of trial counsel by showing "that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness, and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *Id*. at 80-81. To establish that he was prejudiced, a defendant must show that "but for defense counsel's errors, the result of the proceeding would have been different." *Id*. at 81. The defendant must "overcome the strong presumption that counsel engaged in sound trial strategy." *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). Counsel's decisions regarding what evidence to present and how to question witnesses are presumed to be matters of trial strategy that we will not second-guess on appeal. *Id*.

In the present case, defendant has not overcome the presumption that counsel's decisions to elicit testimony about the barkeeper's list of patrons, not to object to Detective Criger's general testimony about the patrons' alibis, not to use a picture of defendant that defendant's sister provided, not to introduce a Facebook post defendant allegedly made, not to raise the issue of a white car at Diamond's house during the crimes, and not to call defendant's mother and grandmother as witnesses in an to attempt to establish an alibi defense were reasonable trial strategy and did not constitute ineffective assistance of counsel. *Id*. Further, defendant has not established that the counsel's decision not to file a formal discovery request resulted in inadequate pretrial investigation or that this decision undermined confidence in the trial's outcome. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). Rather, the record shows that counsel did, in fact, inquire at trial whether Criger had a supplemental police report.

Defendant has failed to establish a factual predicate for his claim that his trial counsel was ineffective for failing to do so. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

Moreover, even if defendant could establish that his trial counsel failed to exercise reasonable professional judgment in any regard, defendant cannot show that there is a reasonable probability that trial counsel's deficient performance prejudiced him. *Heft*, 299 Mich App at 80-81. As set forth herein, the record contained ample circumstantial evidence for the jury to find that defendant committed the charged offenses. Defendant cannot establish that but for counsel's alleged errors, there is a reasonable probability that the result of the proceeding would have been different. *Heft*, 299 Mich App at 80-81. Consequently, defendant is not entitled to relief based on his claims of ineffective assistance of counsel. *Id*.

Defendant argues next that the trial court abused its discretion when it declined to appoint new counsel before the start of trial, a claim we review for abuse of discretion. *People v Buie (On Remand)*, 298 Mich App 50, 67; 825 NW2d 361 (2012). The Sixth Amendment of the United States Constitution guarantees a defendant the right to counsel but not to have the attorney of his choice appointed and simply by requesting that the attorney originally appointed to represent him be replaced. *Id*. Instead, a defendant is only entitled to a substitution of appointed counsel when there is good cause to discharge counsel, and the substitution will not unreasonably disrupt the judicial process. *Id*. Whether good cause exists depends on the circumstances in each case. *Id*.

Here, one day before the trial was scheduled to begin, defendant argued that he should be appointed new counsel because his trial counsel failed to hire a private investigator to interview a witness named Nathan Durian and three other unnamed witnesses. But defendant failed to establish a factual basis for finding good cause required new counsel because appointed counsel had already spoken to Durian himself, and defendant does not explain how hiring a private investigator to also interview Durian would have assisted with his defense. And, defendant did not identify who the three unnamed witnesses were or what they would have said to assist with his defense. An appellant bears the burden of furnishing this Court with a record to verify the factual basis of any argument upon which reversal is predicated. *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000). Here, the record does not support a finding that defendant's trial counsel was inattentive to his responsibilities with regard to investigating any of the witnesses or potential witnesses. Instead, the record shows that appointed counsel gathered the necessary evidence, read and evaluated the police report, was familiar with the case, was aware of all of the witnesses, and determined that a private investigator was not necessary. Actions that fall within the categories of professional judgment and trial strategy are matters entrusted to the attorney, and do not warrant appointing substitute counsel unless there is a legitimate difference of opinion regarding a fundamental trial tactic. *People v Traylor*, 245 Mich App 460, 462-463; 628 NW2d 120 (2001)(citation omitted). Defendant's argument that he should be appointed new counsel because he and trial counsel did not "see eye to eye" is insuffecient to justify substitution of counsel. *Id*. Defendant was unable to provide any specific details about this claim in the trial court, and does not provide this Court with any additional information. A defendant "may not leave it to this Court to search for a factual basis to sustain or reject his position." *Id*. at 464 (citation omitted).

Finally, the trial court correctly found that appointment of new counsel on the day before trial would disrupt the judicial process, especially in light of the fact that defendant had been before the trial court at least three times without a complaint before his request for new counsel. In sum, defendant did not demonstrate good cause to discarge his trial counsel or that substitution would not unreasonably dispurt the judicial process, *Buie (On Remand)*, 298 Mich App at 67, so the trial court did not abuse its discretion when it denied the defendant's request.

Defendant's final argument on appeal is that the trial court improperly assessed 15 points for offense variable (OV) 8, MCL 777.38, which addresses asportation or captivity of a victim. The sentencing court should score 15 points for OV 8 if the "victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." MCL 777.38(1)(a). A trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*

In the present case, defendant tied Diamond's hands behind his back, put a pillow over Diamond's head, and left him in this manner while he proceeded to ransack Diamond's home. Diamond was able to wrestle his hands free, but defendant ran toward Diamond, tackled Diamond, made Diamond lie face down on a couch, restrained Diamond's hands and feet, and then put two pillows over Diamond's head. Although Diamond was eventually able to free himself, he was not able to do so until approximately 45 minutes after the commission of the charged offenses. Further, Diamond sustained substantial injuries to his arms while he attempted to free himself. These facts clearly support a finding that Diamond was held captive beyond the time necessary to commit the sentencing offense. MCL 777.38(1)(a). In addition, these facts clearly support a finding that defendant placed Diamond in a situation of greater danger. *Id*.; *People v Chelmicki*, 305 Mich App 58, 70-71; 850 NW2d 612 (2014). Therefore, the trial court properly scored 15 points for OV 8.

We affirm.

/s/ Jane E. Markey
/s/ David H. Sawyer
/s/ Donald S. Owens

-5-