# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
July 21, 2015

v

No. 320865
Kent Circuit Court
LC No. 13-004098-FH

DAMON LAMONT MALONE,

        Defendant-Appellant.

Before: MARKEY, P.J., and MURPHY and STEPHENS, JJ.

PER CURIAM.

Defendant Damon Lamont Malone appeals by right his conviction of breaking and entering an office with intent to commit a larceny therein, MCL 750.110(1). We affirm.

On November 25, 2012, defendant broke into Twisted RC. Defendant stole a safe, which contained approximately $4,700 in cash and about $271 in change designated for the cash registers. Following the crime, blood was found on a trash can in an office that had a broken window. The police matched defendant's DNA to the blood on the trash can. Police interviewed defendant. During the interview, he confessed to robbing Twisted RC.

First, defendant challenges the prosecutor's use of defendant's post-arraignment, post-*Miranda*[1] silence to impeach the exculpatory version of events to which defendant testified at trial. Defendant argues the prosecutor violated the rules announced in *Doyle v Ohio*, 426 US 610; 96 S Ct 2240; 49 L Ed 2d 91 (1976). Unpreserved constitutional claims are reviewed for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

It is a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution to use a criminal defendant's silence as evidence of guilt or for impeachment purposes after a defendant has been given a *Miranda* warning. *Doyle*, 426 US at 618-619. *Doyle* applies (1) after a defendant is arrested, (2) after a defendant has been read *Miranda*

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

-1-

warnings, and (3) after a defendant chooses to remain silent. *People v Borgne*, 483 Mich 178, 191; 768 NW2d 290 (2009). There is an exception to *Doyle*'s general rule:

> "[P]ost-arrest silence [can] be used by the prosecution to contradict a defendant who testifies to an exculpatory version of events and claims to have told the police the same version upon arrest. In that situation the fact of earlier silence would not be used to impeach the exculpatory story, but rather to challenge the defendant's testimony as to his behavior following arrest." [*Id.* at 192, quoting *Doyle*, 426 US at 619 n 11.]

This Court has expanded the *Doyle* exception to include the situation where a defendant claims on direct examination that trial was his first opportunity to tell his version of the events. *People v Allen*, 201 Mich App 98, 103; 505 NW2d 869 (1993).

In this case, defendant was interviewed on April 12, 2013. He received his *Miranda* rights and waived them. He then confessed to robbing Twisted RC. On April 15, defendant was arraigned, and he was again given his Miranda Rights. He requested a court-appointed attorney. Defendant did not speak to police after that time. At trial, defendant testified to a different version of events which contradicted his confession. He denied culpability, claiming that he did not enter the store on the night of November 25.

On direct examination, defense counsel asked defendant why he did not tell the police the version of the story that he told at trial. Defendant indicated that he decided to tell the truth at trial because his girlfriend would not marry him unless he told the truth, and he was under oath. On cross-examination, the prosecutor questioned defendant about his failure to report his exculpatory story when interviewed by police. The prosecutor also asked defendant the following challenged questions:

> *Q*. You get charged?
>
> *A*. Yeah.
>
> *Q*. None of this come[s] out?
>
> *A*. Nope.
>
> *Q*. You have months to go talk to the police to say, hey, this is actually what happened, none of this comes out?
>
> *A*. Nope.

Although we believe it is unclear that the prosecutor was referencing post-arraignment *Miranda* silence, we assume for purposes of this opinion that a *Doyle* violation occurred from the prosecutor's above exchange with defendant. Reversal is not, however, required because defendant has failed to show that the reference affected the outcome of the lower court proceedings. The prosecutor's use of defendant's silence was brief, and he did not focus on defendant's silence as evidence of his guilt. Instead, he focused on the change of story, and the evidence against defendant was overwhelming. See *Borgne*, 483 Mich at 197-198.

-2-

Next, defendant argues that defense counsel was ineffective when he failed to object to the prosecutor's cross examining defendant about his post-arraignment, post-*Miranda* silence. Unpreserved claims of ineffective assistance of counsel are reviewed for errors apparent on the record. *People v Armisted*, 295 Mich App 32, 46; 811 NW2d 47 (2011).

To establish ineffective assistance of counsel, a defendant must show "that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to deprive him of a fair trial." *People v Pickens*, 446 Mich 298, 303; 521 NW2d 797 (1994). Even if defendant could show that defense counsel's performance was objectively unreasonable for failing to object to the alleged *Doyle* violation, defendant has failed to show "the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). Where a prosecutor violates *Doyle* and defense counsel fails to object to the violation, there is no reasonable probability that the outcome of trial would have been different if there is compelling untainted evidence against the defendant. *People v Borgne*, 485 Mich 868, 868; 771 NW2d 745 (2009). Here, the untainted evidence against defendant was overwhelming. Despite his exculpatory testimony at trial, defendant confessed to robbing Twisted RC; his DNA was found at the crime scene, and he was familiar with the store from having worked there. Accordingly, defendant's claim of ineffective assistance of counsel lacks merit.

Finally, defendant argues that the trial court abused its discretion when it denied his motion for a mistrial because the jury inadvertently heard that defendant was previously on parole. This Court reviews a trial court's decision to deny a motion for a mistrial for an abuse of discretion. *People v Dennis*, 464 Mich 567, 572; 628 NW2d 502 (2001).

A mistrial should be granted only when an error or irregularity is so prejudicial that it impairs the defendant's ability to get a fair trial. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). A mistrial is appropriate only where the error complained of is so egregious that the prejudicial effect can be removed in no other way. *People v Gonzales*, 193 Mich App 263, 266; 483 NW2d 458 (1992).

Generally, evidence of a prior conviction may not be admitted when the evidence is relevant only to show a defendant is a bad man or has a criminal propensity. See *People v Allen*, 429 Mich 558, 568-569; 420 NW2d 499 (1988). But not every instance of mention before a jury of some inappropriate subject matter warrants a mistrial. See *People v Lane*, 308 Mich App 38, 61; 862 NW2d 38 (2014) (a mistrial was not warranted by the inadvertent admission of an unredacted police interview containing the defendant's statement regarding his criminal history and gang affiliation; the defendant's right to a fair trial was preserved by a curative instruction).

There is no doubt that the mention of defendant's parole status was inappropriate. But the disclosure of defendant's parole status was inadvertent and brief. Moreover, the jury received a comprehensive curative instruction which alleviated any possible prejudice to defendant. See *People v Waclawski*, 286 Mich App 634, 710; 780 NW2d 321 (2009). The disclosure of defendant's previous parole status does not appear so prejudicial to the rights of

defendant that it impaired the fairness of the trial. *Schaw*, 288 Mich App at 236. Accordingly the trial court did not abuse its discretion in denying defendant's motion for a mistrial.

We affirm.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Cynthia Diane Stephens