# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

THOMAS CLAUD KERN,

        Defendant-Appellant.

UNPUBLISHED
November 24, 2015

No. 322850
Eaton Circuit Court
LC No. 13-020378-FH

Before: METER, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

Defendant, Thomas Kern, appeals as of right from his conviction following a jury trial of operating or maintaining a laboratory involving methamphetamine, MCL 333.7401c(1) and MCL 333.7401c(2)(f), and possession of methamphetamine, MCL 333.7403(2)(b)(*i*). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 10 to 30 years' imprisonment for each offense. We affirm.

On July 3, 2013, police conducted a search of defendant's house[1] in response to a call from his niece regarding items she found at the residence. Defendant was incarcerated at the time the search was conducted, having been arrested on June 30, 2013 on an unrelated matter. During the course of the search, police found a coffee bean grinder with white residue in it, coffee filters, table salt, cold packs, a funnel with white residue on it, a lithium battery casing, an empty box of decongestant, packaging for generic Sudafed, Coleman fuel, a hypodermic needle, various plastic bottles, a bottle of lye, and two bottles of sulfuric acid—all items used in the production of methamphetamine.

---

[1] The home belonged to one of defendant's relatives, but several witnesses testified—and defendant told police officers during an interview—that defendant was living at the house at the time of the search.

-1-

Defendant's brother testified at trial and recalled several instances in the past when defendant confessed to using methamphetamine and to being "entertained by the process of making" the drug. On or about July 6, 2013, Eaton County Sheriff's Office Deputy Robert Gillentine interviewed defendant and confronted him about the methamphetamine-related items found in the house. Defendant denied that the products were his, blaming acquaintances to whom he had given access to the house. He admitted, however, that he used three grams of methamphetamine per day, a quantity which Gillentine described as "a lot." Defendant told Gillentine that he "had a pretty good idea" about how to make methamphetamine and that he tried to make it on one occasion; however, he lacked the patience to make the drug. Defendant told Gillentine that other people had manufactured methamphetamine in his house on several occasions, the most recent of which was approximately three weeks before his arrest. He also told Gillentine that he could obtain boxes of Sudafed and that he would trade the Sudafed for methamphetamine. In the months leading up to the search of the house, defendant attempted to purchase a quantity of Sudafed that would have put him beyond the limit a person can legally purchase within a 30-day period; this purchase was denied by the retailer.

Defendant argues that there was insufficient evidence to support his convictions. This Court reviews de novo a claim of insufficiency of the evidence. *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001). "[W]hen determining whether sufficient evidence has been presented to sustain a conviction, a court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Wolfe*, 440 Mich 508, 515-516; 489 NW2d 748, amended on other grounds 441 Mich 1201 (1992). "The question is whether the evidence presented at trial, together with all reasonable inferences arising therefrom, was sufficient to allow a rational trier of fact to find each element of the crime proven beyond a reasonable doubt." *People v DeLisle*, 202 Mich App 658, 660; 509 NW2d 885 (1993). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences," *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002), as well as to make determinations regarding issues of credibility, *Wolfe*, 440 Mich at 515. " 'Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime.' " *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999), quoting *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993).

Defendant was convicted of operating or maintaining a laboratory involving methamphetamine and possession of methamphetamine. MCL 333.7401c(1) provides as follows:

A person shall not do any of the following:

(a) Own, possess, or use a vehicle, building, structure, place, or area that he or she knows or has reason to know is to be used as a location to manufacture a controlled substance in violation of section 7401 or a counterfeit substance or a controlled substance analogue in violation of section 7402.

(b) Own or possess any chemical or any laboratory equipment that he or she knows or has reason to know is to be used for the purpose of manufacturing a

-2-

controlled substance in violation of section 7401 or a counterfeit substance or a controlled substance analogue in violation of section 7402.

Defendant's jury was instructed consistent with both of these alternative subsections under the statute.

As to MCL 333.7401c(1)(a), defendant's statements established that he possessed and used the house in question as a residence. Furthermore, defendant's niece and brother also testified that the house was defendant's residence, and police found mail addressed to defendant in the house.

Whether defendant knew or had reason to know that the house was being used as a location for the manufacture of methamphetamine is also supported by the evidence. There was evidence that methamphetamine was being manufactured in house, as police testified that they found ingredients and materials used in the process of manufacturing methamphetamine, and substances collected from the house tested positive for the presence of methamphetamine. Defendant freely admitted to using methamphetamine and told Gillentine that someone had made the drug in the house as recently as three weeks before the search. Defendant was also aware of the manufacturing process and admitted to obtaining Sudafed, which he sometimes traded for methamphetamine. Furthermore, he specifically identified that an acquaintance, a known methamphetamine "cook," had access to his home and had cooked methamphetamine there before. This evidence supports conviction under MCL 333.7401c(a).

Moreover, there was also sufficient evidence to support a conviction under MCL 333.7401c(1)(b), the alternative theory on which the jury was instructed. Regarding his possession of the chemicals and laboratory equipment, defendant argues there is no evidence to support a finding of possession because he could not have had possession or control over them due to his incarceration. However, the evidence shows that he was in constructive possession of the chemicals and equipment. Possession is established by showing "dominion or right of control over the drug with knowledge of its presence and character." *People v McKinney*, 258 Mich App 157, 165; 670 NW2d 254 (2003) (citations and quotation marks omitted). "[C]onstructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the contraband." *Wolfe*, 440 Mich at 521. A jury may infer, based on circumstantial evidence, that a defendant had knowledge of the presence of contraband. *People v Meshell*, 265 Mich App 616, 622; 696 NW2d 754 (2005). "The ultimate question is whether, viewing the evidence in a light most favorable to the government, the evidence establishes a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised a dominion and control over the substance." *Wolfe*, 440 Mich at 521 (citation and quotation marks omitted).

There was sufficient evidence for a rational jury to find that defendant constructively possessed the manufacturing equipment.[2] Defendant's statements, the testimony of his brother and niece, and the mail addressed to him found in the house establish a nexus between defendant and the house. Police officers found all of the requisite chemicals for manufacturing methamphetamine in the house, as well as two "one-pot" methamphetamine laboratories. Defendant was well aware of the activity that went on inside the house, admitting he knew about the methamphetamine manufacturing process, was acquainted with different "cooks," knew that methamphetamine had been produced in the house on different occasions, and that he had a regular habit of using the drug. Defendant also admitted to obtaining Sudafed, one of the key components in making the drug. Taken in its totality, and in a light most favorable to the prosecution, this evidence was sufficient for a rational jury to find that defendant exercised dominion and control over the laboratory equipment, even though he was arrested shortly before the police found the equipment.

In passing, defendant argues that the evidence was insufficient because the date listed on the information alleged that the offenses occurred on or about July 3, 2013. Because he was incarcerated on this date, defendant argues that he could not have committed the offenses as charged and that the jury could not have found sufficient evidence of his guilt.

We find no merit in defendant's argument. "An information is required to contain the 'time of the offense as near as may be'; however, '[n]o variance as to time shall be fatal unless time is of the essence of the offense.' " *People v Dobek*, 274 Mich App 58, 82-83; 732 NW2d 546 (2007), quoting MCL 767.45(1)(b). In regard to the time of the alleged offense, MCL 767.51 provides:

> Except insofar as time is an element of the offense charged, any allegation of the time of the commission of the offense, whether stated absolutely or under a videlicet, shall be sufficient to sustain proof of the charge at any time before or after the date or dates alleged, prior to the finding of the indictment or the filing of the complaint and within the period of limitations provided by law: Provided, That the court may on motion require the prosecution to state the time or identify the occasion as nearly as the circumstances will permit, to enable the accused to meet the charge.

In addition, MCR 6.112(G) provides:

> Absent a timely objection and a showing of prejudice, a court may not dismiss an information or reverse a conviction because of . . . a variance between the information and proof regarding time, place, the manner in which the offense was committed, or other factual detail relating to the alleged offense.

---

[2] In addition, although defendant does not directly challenge his possession conviction, we find, for many of the reasons stated above, that there was sufficient evidence for a rational jury to find that he constructively possessed methamphetamine as well.

There is nothing to indicate that time was of the essence to defendant's convictions; thus, the date listed on the information was not restrictive. Moreover, and contrary to defendant's contentions, the evidence was sufficient for a rational jury to find that he constructively possessed the home and the methamphetamine laboratories even though he was incarcerated at the time police searched the home. Indeed, as noted above, there was evidence that defendant exercised dominion and control over both the premises and the contraband even though he was detained at the time the contraband was discovered.

Affirmed.

/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Jane M. Beckering