*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 16, 2023

Plaintiff-Appellee,

v

No. 359659
Kent Circuit Court
LC No. 19-004616-FH

MAURICE LAMONT RICKMAN II,

Defendant-Appellant.

Before: SHAPIRO, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial conviction of attempted first-degree home invasion, MCL 750.92; MCL 750.110a(2). Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 270 days in jail and two years' probation. We affirm.

## I. BACKGROUND

Defendant and the two victims, Lisa Mayfield and Paula Simpson, resided in a two-floor apartment building that was formerly a single-family dwelling. Mayfield and Simpson lived in the apartment on the main floor, while defendant lived in the upstairs apartment. There was a shared laundry room in the basement, which the tenants accessed via a staircase that connected to both apartments.

Simpson testified that in the early hours of May 7, 2019, she heard banging and kicking on the apartment's kitchen door, which connected to the basement staircase. She heard defendant yelling on the other side of the door, claiming that Simpson and Mayfield had taken his clothes and that he was going to kill them. Simpson responded that she did not need or want defendant's clothes, but the banging on the door progressively got louder. After seeing the door starting to crack, Simpson ran to her room to call the police while also alerting Mayfield of what was occurring. Mayfield testified that she heard defendant yelling and the door being broken down, describing it as pounding that sounded like a hammer.

When the 911 dispatcher asked Simpson if defendant was in the house, she stated that she did not know, but she saw a "silhouette by the refrigerator." At trial, Simpson was unsure about

whether defendant entered the apartment. After the police arrived, Simpson and the officers walked through the kitchen, where they saw half the door on the floor. Officer David Johnson testified that he observed blood on the door, the door frame and the kitchen floor. The officers then heard a loud voice coming from the front of the apartment, where they encountered defendant coming down the steps of his apartment with a hammer in his hand. Defendant dropped the hammer as ordered by the officers and was taken into custody.

Defendant was charged with first-degree home invasion. One of the disputed elements at trial was whether defendant actually entered Mayfield and Simpson's apartment. The jury found defendant guilty of the lesser offense of attempted first-degree home invasion.

## II. DISCUSSION

Defendant argues that there was insufficient evidence of the essential element of entry for a first-degree home invasion conviction. See MCL 750.110a(2). This argument overlooks, however, that defendant was convicted of *attempted* first-degree home invasion. Accordingly, we view defendant's brief as arguing that there was insufficient evidence that defendant attempted to enter Mayfield and Simpson's apartment.[1]

Under the "attempt" statute, MCL 750.92, "an 'attempt' consists of (1) an attempt to commit an offense prohibited by law, and (2) any act towards the commission of the intended offense." *People v Thousand*, 465 Mich 149, 164; 631 NW2d 694 (2001). Further, "the elements of attempt . . . includ[e] an intent to do an act or to bring about certain consequences which would in law amount to a crime; and . . . an act in furtherance of that intent which, as it is most commonly put, goes beyond mere preparation." *Id*. (quotation marks and citation omitted).

Viewed in a light most favorable to the prosecution, the evidence presented at trial demonstrates that defendant intended to enter Mayfield and Simpson's apartment and that he committed an act, i.e., breaking down the kitchen door leading into the apartment, in furtherance of that intent. Officer Johnston testified that the kitchen door of Mayfield and Simpson's apartment was heavily damaged, and based on the extent of the damage, entry was certainly possible; both officers were able to peer into the basement through the damaged door. Johnson further stated that the blood found on fragments of the door, the door frame and the kitchen floor, in conjunction with the "fresh" injuries on defendant's hands and arms, indicated defendant's potential entry into the dwelling. While it is not clear whether the "blood" was swabbed by a forensic technician or officer to confirm its authenticity, Mayfield and Simpson also testified concerning the blood stains and the severe damage done to the kitchen door. Moreover, both Mayfield and Simpson testified that defendant's yelling and pounding occurred at their kitchen door, and Simpson saw the door starting to crack as a result. And both officers testified that as they encountered defendant at the front of

---

[1] In evaluating a defendant's claim concerning the sufficiency of the evidence, this Court reviews the evidence in a light most favorable to the prosecution to discern whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt. *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993).

the house, he was carrying a hammer—supporting the theory that he broke down the door using the hammer in an attempt to gain entry. Further, defendant's verbal threats, which Simpson highlighted in her testimony, evidences defendant's intent to enter the apartment and potentially harm Mayfield and Simpson.

Much of defendant's argument focuses on the "silhouette" described by Simpson and the blood found on the door and kitchen floor. Defendant maintains that this evidence does not establish that he entered the main floor apartment. But as noted, because defendant was only convicted of attempted first-degree home invasion, defendant did not have to be present in Mayfield and Simpson's apartment; only an attempt to gain entry is required. For the reasons discussed, we conclude that there was sufficient evidence from which a rational jury could find beyond a reasonable doubt that defendant attempted to enter the apartment.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Anica Letica
/s/ Kathleen A. Feeney