PEOPLE v DAVENPORT

Docket No. 271366. Submitted March 4, 2008, at Lansing. Decided
    August 28, 2008, at 9:00 a.m. Leave to appeal sought.

   Gary E. Davenport was convicted by a jury in the Presque Isle
   Circuit Court of six counts of first-degree criminal sexual conduct.
   He appealed, claiming ineffective assistance by trial counsel, Janet
   Frederick-Wilson, who had failed to raise an objection at trial
   concerning the potential conflict of interest created when the
   attorney who had represented the defendant at his preliminary
   examination, Richard Steiger, joined the Presque Isle County
   prosecutor's office before the defendant's trial concluded. The
   Court of Appeals granted the defendant's motion for a remand for
   a hearing pursuant to *People v Ginther*, 390 Mich 436 (1973), to
   create a factual record regarding the claim of ineffective assistance
   of counsel. After the hearing, the trial court, Scott L. Pavlich, J.,
   ruled that Frederick-Wilson's performance fell below an objective
   standard of reasonableness, but that the defendant failed to
   establish    that    Frederick-Wilson's    error    was    outcome-
   determinative. Accordingly, the trial court denied the defendant's
   motion for a new trial.

      The Court of Appeals *held*:

      1. Frederick-Wilson committed a serious and inexcusable error
   when she failed to challenge the potential conflict of interest that
   arose from Steiger's move to the prosecutor's office. MRPC 1.9
   prohibits an attorney from "switching sides" by representing a new
   client in a matter if the attorney's former client has an interest
   adverse to the new client. MRPC 1.10 imposes limitations on an
   attorney's new firm with respect to representing parties whose
   interests are adverse to the new attorney's former clients. It requires
   the new firm to undertake and disclose safeguards against improper
   communications. Finally, MRPC 1.11(c) prohibits a lawyer serving as
   a public officer or employee from participating in a matter in which
   the lawyer participated personally and substantially when in private
   practice or nongovernmental employment.

      2. Although the trial court correctly determined that the
   defendant failed to show a reasonable probability that, absent
   Frederick-Wilson's error, the result of the trial would have been

different, the trial court nevertheless committed plain error by failing to explore the potential conflict of interest and determine whether disqualification of the prosecutor's office was warranted.

3. Once a defendant has shown that a member of the prosecutor's office had counseled or represented the defendant in the same or related case, a presumption arises that members of the prosecutor's office have conferred about the matter. To rebut the presumption of shared confidences, the prosecutor must show that effective screening procedures have been used to isolate the defendant's former counsel from the prosecution of the substantially related criminal charges.

4. This case must be remanded for an evidentiary hearing on the question whether the prosecutor's office undertook sufficient safeguards to prevent Donald McLennan, the only other attorney in the prosecutor's office, from receiving any communications from Steiger concerning the defendant's case. The trial court's inquiry must be thorough and in-depth, and take into consideration the prosecutor's failure to come forward with the potential conflict of interest voluntarily and the office's ability to effectively quarantine the conflict of interest. Unless the trial court finds sufficient evidence of adequate safeguards, the defendant's conviction must be reversed and a new trial must be ordered.

Remanded.

CRIMINAL LAW — PROSECUTORS — PRIOR REPRESENTATION OF DEFENDANT IN SAME CASE — CONFLICT OF INTEREST.

If a lawyer who has represented a defendant in a criminal prosecution joins the prosecutor's office while the criminal prosecution remains pending, the entire prosecutor's office will be presumed to be privy to the confidences obtained by the former defense lawyer; to rebut the presumption of shared confidences, the prosecutor must show that effective screening procedures have been used to isolate the defendant's former counsel from the prosecution of the case; the screening procedures should take into account the size of the office, the structural organization of the office, the likelihood of contact between the attorney with the conflict of interest and the personnel involved in the ongoing prosecution, and the existence of rules that prevent the attorney with the conflict of interest from accessing files or information pertaining to the case (MRPC 1.9, 1.10, 1.11[c]).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, and *Mark G. Sands*, Assistant Attorney General, for the people.

*Kirsch & Satawa, P.C.* (by *Mark A. Satawa, Stuart G. Friedman,* and *Lisa B. Kirsch Satawa*), for the defendant.

Before: SAAD, C.J., and MURPHY and DONOFRIO, JJ.

SAAD, C.J. A jury convicted defendant of two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a) (victim under 13 years of age), and four counts of first-degree criminal sexual conduct, MCL 750.520b(1)(b)(iv) (victim aged 13 to 15 while defendant was a teacher at the victim's school). He appeals his convictions and sentences. For the reasons set forth below, we remand this matter to the trial court for an evidentiary hearing.

### I. FACTS AND PROCEEDINGS

Evidence showed that while defendant taught at Seventh-Day Adventist School in Onaway, he sexually molested a student, TJ, over a three-year period. Attorney Richard Steiger represented defendant at his preliminary examination. Before trial, Steiger accepted employment in the Presque Isle County prosecutor's office. The prosecutor's office employed only two prosecutors, Steiger, and Donald McLennan, who represented the people at trial. Defendant's trial counsel, Janet Frederick-Wilson, failed to raise an objection to the potential conflict of interest and neither Steiger nor McLennan raised it in the trial court.

On appeal, defendant asserts a claim of ineffective assistance of counsel. Defendant argues, among other claims, that Frederick-Wilson was ineffective for failing to move for disqualification of the prosecutor's office on the ground of conflict of interest.[1] This Court granted defen-

---

[1] Defendant raised several other claims of ineffective assistance of counsel which, in light of our holding, need not be fully addressed at this time.

dant's motion for a *Ginther*[2] hearing to create a factual record regarding his claim of ineffective assistance.

At the *Ginther* hearing, Frederick-Wilson testified that she knew that the preliminary examination transcript listed Richard Steiger as defendant's attorney. She said she never spoke to Steiger, did not know Steiger, and did not know that Steiger ended his representation of defendant because he joined the prosecutor's office. Frederick-Wilson said she never looked into any conflict with the prosecutor's office because she "didn't know any conflict existed."

Defendant testified that, on two occasions, he told Frederick-Wilson that he did not know how he would get a fair trial because his former attorney was now working for the prosecutor's office. Dean Tong, a forensic trial consultant who assisted Frederick-Wilson with trial preparation, testified that he discussed Steiger's move to the prosecutor's office with Frederick-Wilson and his concerns about the conflict of interest that created. James Samuels, an expert on the standard of care for legal practice, testified that there was no way that a small prosecutor's office could have adequately screened McLennan from exposure to any information Steiger might have about the case. Samuels further opined that the prosecutor's office should have referred the case to the Attorney General and that fundamental fairness should have compelled defense counsel to file a motion to disqualify the prosecutor's office. No one from the Presque Isle County prosecutor's office testified at the *Ginther* hearing.

The trial court ruled that defendant established the first part of his claim of ineffective assistance by demonstrating that, for numerous reasons, Frederick-

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Wilson's performance fell below an objective standard of reasonableness. Yet, the court also ruled that defendant failed to establish that the error was outcome-determinative. The court observed that Steiger's move to a two-attorney prosecutor's office raised "a red flag which merited an inquiry which did not occur," but held that defendant failed to establish the second aspect of the test for ineffective counsel by failing to present evidence that Steiger actually shared information with McLennan. The trial court found "overwhelming" evidence that defendant had "an inappropriate interest" in the complainant, and denied defendant's motion for a new trial.

II. ANALYSIS

Generally, "[i]n order to establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for defense counsel's errors, there was a reasonable probability that the result of the proceeding would have been different" and the result that did occur was fundamentally unfair or unreliable. *People v Ortiz*, 249 Mich App 297, 311; 642 NW2d 417 (2001); see also *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). Here, we agree with the trial court that defense counsel committed a serious and inexcusable error when she failed to challenge the potential conflict of interest that arose from Steiger's move to the prosecutor's office. MRPC 1.9 prohibits an attorney from "switching sides" by representing a new client in a matter if the attorney's former client has an interest adverse to the new client. The rule provides as follows:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the

same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

(b) Unless the former client consents after consultation, a lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated has previously represented a client

(1) whose interests are materially adverse to that person, and

(2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

(1) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client, or when the information has become generally known; or

(2) reveal information relating to the representation except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client.

MRPC 1.10 governs the limitations imposed on an attorney's new firm with respect to representing parties whose interests are adverse to the new attorney's former clients. It also requires the new firm to undertake and disclose safeguards against improper communications. It provides, in pertinent part, as follows:

(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9(a) or (c), or 2.2.

(b) When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or

substantially related matter in which that lawyer, or a firm with which the lawyer was associated, is disqualified under Rule 1.9(b), unless:

(1) the disqualified lawyer is screened from any participation in the matter and is apportioned no part of the fee therefrom; and

(2) written notice is promptly given to the appropriate tribunal to enable it to ascertain compliance with the provisions of this rule.

Further, MRPC 1.11(c) states:

Except as law may otherwise expressly permit, a lawyer serving as a public officer or employee shall not:

(1) participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment, unless under applicable law no one is, or by lawful delegation may be, authorized to act in the lawyer's stead in the matter . . . .

In addition to the aforementioned sections of the Michigan Rules of Professional Conduct, Michigan caselaw also provides guidance on how trial courts should deal with these conflicts. The trial court should be promptly informed of a defense attorney's move to the prosecutor's office, and it should inquire into the matter and order an appropriate safeguard, such as disqualifying the individual attorney affected by the conflict of interest, or the entire prosecutor's office, if necessary. See *In re Osborne*, 459 Mich 360, 368; 589 NW2d 763 (1999); see also *People v Doyle*, 159 Mich App 632, 644-645; 406 NW2d 893 (1987).

We affirm the trial court's ruling that defense counsel's failure to raise this matter constitutes an objectively unreasonable error. Clearly, a potential conflict of interest arose when Steiger joined the prosecutor's office after representing defendant at the preliminary examination. Defense counsel was obligated to protect

her client from the potential prejudice inherent in these circumstances. Had she raised a timely objection, the trial court would have been obligated to make an inquiry and fashion an appropriate safeguard.

We also agree with the trial court that defendant failed to show a reasonable probability that, absent defense counsel's error, the result of his trial would be different. However, because during the pendency of this case, defendant's former counsel joined the same two-attorney prosecutor's office that pursued the case against him, we hold that it was plain error for the trial court to fail to explore the matter and to make a ruling that the prosecutor's office employed appropriate safeguards to prevent Steiger from sharing information about defendant's case with McLennan. Indeed, when confronted by an apparent conflict of interest of this magnitude, it is incumbent upon the trial court to fully explore the matter to determine whether disqualification of the prosecutor's office is warranted and whether the failure to do so prejudiced defendant.

Defense counsel's decision to "switch sides" by joining the two-attorney prosecutor's office that prosecuted defendant raises serious concerns about the fair administration of justice. And, despite a clear obligation to do so, neither defense counsel nor the prosecutor took any steps that would allow the court to determine the extent of the conflict and what steps the prosecutor's office took to minimize potential prejudice. Moreover, when confronted by evidence of this conflict, the trial court also failed to conduct a hearing to determine whether disqualification of the prosecutor's office is necessary. This was plainly erroneous and, therefore, we remand this matter for an evidentiary hearing on this issue.

Our caselaw does not offer a wealth of guidance about the trial court's inquiry with regard to a conflict

of interest, but our Supreme Court has held that, in order to disqualify an entire prosecutor's office, a court must consider "the extent to which knowledge has been shared by the disqualified lawyer and the disqualified lawyer's role within the prosecutor's office." *In re Osborne*, 459 Mich 360, 369-370; 589 NW2d 763 (1999), citing *Doyle, supra* at 644-647.[3] We further hold, as a majority of other jurisdictions have held, that, under these circumstances, in order "to ensure faith in the impartiality and integrity of the criminal justice system, and to prevent a chilling effect on a defendant's willingness to confide in defense counsel, the entire prosecutor's office will be presumed to be privy to the confidences obtained by the former defense lawyer." *State v McClellan*, 179 P3d 825,

---

[3] In *Doyle*, this Court held that a conflict of interest affecting one prosecutor does not necessarily require disqualification of the entire prosecutor's office, unless the conflict affects the elected county prosecutor himself. *Doyle*, 159 Mich App at 644-645. The Court explained:

> When a court determines that a conflict of interest exists, the question then arises as to whether the circumstances require recusal of the prosecutor's entire office or only of the particular prosecuting attorney. The general rule is that a conflict of interest involving the elected county prosecutor himself requires recusal of the prosecutor and the entire staff. Since assistant prosecutors act on behalf of the elected county prosecutor and are supervised by him, the policies of fairness to the defendant and the avoidance of an appearance of impropriety require this result. 31 ALR 3d 953. When the conflict of interest involves an assistant prosecuting attorney, as in these cases at bar, recusal of the entire prosecutor's office is not automatic. [*Id.*]

We take judicial notice that the 2007 Michigan Bar Journal directory lists Steiger as the county prosecutor for Presque Isle. The 2006 directory lists McLennan in this position and defendant's trial was held in April 2006. Defendant does not submit that Steiger was the elected county prosecutor at the time of trial. Assuming, for the present, that Steiger was not the elected prosecutor at the time of defendant's trial, disqualification of the entire office would not be automatic under *Doyle*.

831 (Utah App, 2008).[4] Thus, once a defendant has shown that a member of the prosecutor's office counseled him or represented him in the same or related matter, a presumption arises that members of the prosecutor's office have conferred about the matter. See, e.g., *Lux v Commonwealth*, 24 Va App 561, 575; 484 SE2d 145 (1997). To rebut the presumption of shared confidences, the prosecutor must show that "effective screening procedures have been used to isolate the defendant's former counsel from the prosecution of the substantially related criminal charges." *McClellan, supra* at 831.

In *Manning v Waring, Cox, James, Sklar & Allen*, 849 F2d 222, 225 (CA 6, 1988), the United States Court of Appeals for the Sixth Circuit rejected the district court's automatic disqualification of a law firm based on one attorney's conflict of interest, but it imposed on the firm the burden of establishing that no improper communications had been made, and that it had implemented adequate safeguards against future improper communications. We find the reasoning in *Manning* persuasive in the criminal context, especially in view of the heightened due process concerns.[5] The court cited a

---

[4] See also *State v Kinkennon*, 275 Neb 570, 576 n 9; 747 NW2d 437 (2008), citing *United States v Goot*, 894 F2d 231 (CA 7, 1990); *United States v Caggiano*, 660 F2d 184 (CA 6, 1981); *Hart v State*, 62 P3d 566 (Wy, 2003); *Matter of RB*, 583 NW2d 839 (SD, 1998); *State v Dambrell*, 120 Idaho 532; 817 P2d 646 (1991); *State v Camacho*, 329 NC 589; 406 SE2d 868 (1991); *Frazier v State*, 257 Ga 690; 362 SE2d 351 (1987); *State v Bunkley*, 202 Conn 629; 522 A2d 795 (1987); *State v McKibben*, 239 Kan 574; 722 P2d 518 (1986); *State v Fitzpatrick*, 464 So 2d 1185 (Fla, 1985); *Young v State*, 297 Md 286; 465 A2d 1149 (1983); *Collier v Legakes*, 98 Nev 307; 646 P2d 1219 (1982); *State v Tippecanoe Co Court*, 432 NE2d 1377 (Ind, 1982); *State v Cline*, 122 RI 297; 405 A2d 1192 (1979); *State v Bell*, 346 So 2d 1090 (La, 1977); *Upton v State*, 257 Ark 424; 516 SW2d 904(1974).

[5] In *Caggiano*, the Sixth Circuit noted that government employees generally have *less* reason to share confidential information because they

presumption of shared confidences and directed the district court to determine whether that presumption had been rebutted. *Id.* The court observed:

> Specifically, under the circumstances of this case as presented by the parties on appeal, it must be determined whether the confidences which [the attorney] acquired from the bank in the course of his prior representation and brought with him to [the firm] have been passed on, or are likely to be passed on, to members of the firm. *Schiessle v. Stephens,* 717 F. 2d 417, 421 (7th Cir. 1983). One method of rebutting the presumption is by demonstrating that specific institutional screening mechanisms have been implemented to effectively insulate against any flow of confidential information from the quarantined attorney to other members of his present firm. *LaSalle Nat'l Bank v County of Lake,* 703 F. 2d 252 (7th Cir. 1983). [*Manning, supra* at 225.]

To determine whether the prosecutor has rebutted the presumption of shared confidences, the court must consider whether the prosecutor's office utilized formal screening procedures to insulate McLennan from Steiger's knowledge of the case, whether Steiger participated in any aspect of the prosecution of the case, whether Steiger took part in discussions about the prosecution or otherwise revealed information to McLennan, and whether Steiger had access to defendant's case file. See *State v Davis,* 141 SW3d 600, 612-615 (Tenn, 2004); *Lux, supra.* With regard to ap-

have no financial interest in the success of the prosecutor's office. However, when it so ruled, the Court had before it ample evidence regarding the circumstances of counsel's decision to join the large prosecutor's office and the safeguards that were in place to prevent the sharing of confidential information. *Caggiano, supra* at 186-188. Thus, notwithstanding the Court's observation about the motivations of government counsel, *Caggiano* supports our holding that an inquiry is necessary to determine whether the circumstances of the case require disqualification or whether the failure to conduct such an inquiry resulted in prejudice.

propriate insulation of counsel, the court should consider whether the prosecutor's office implemented "effective, written screening procedures" that take into account "the structural organization of the law firm or office, the likelihood of contact between an attorney with a conflict of interest and the personnel involved in the ongoing representation, and the existence of rules that prevent the attorney with the conflict of interest from accessing files or information pertaining to a particular case . . . ." *Davis, supra* at 615 n 10. We also emphasize that the size of the prosecutor's office is a factor that the trial court must consider to determine whether effective screening occurred.

Here, the trial did not require the prosecutor's office to offer any proof of sufficient safeguards. Although this Court granted defendant's motion for a remand for a *Ginther* hearing, the hearing was inadequate to resolve the conflict of interest question. The trial court erroneously focused on whether defendant could prove actual prejudice arising from the conflict of interest, instead of requiring the prosecutor to prove the absence of impropriety. Consequently, as the record currently stands, defendant's conviction resulted from a trial involving a serious conflict of interest, with no proof that the prosecutor complied with necessary safeguards.

We therefore remand to the trial court for an evidentiary hearing on the question whether the prosecutor's office undertook sufficient safeguards to prevent McLennan from receiving any communications from Steiger concerning defendant's case. We emphasize that the prosecutor's office bears the burden of establishing that it implemented measures to prevent improper communications and that it consistently followed through with these measures. *Manning, supra* at 227. The trial court's inquiry must be thorough and in-

depth, and take into consideration the prosecutor's failure to come forward with this matter voluntarily, and the office's ability to effectively quarantine the conflict of interest when the office employs only two attorneys. Unless the trial court finds sufficient evidence that the prosecutor's office consistently undertook adequate safeguards to shield McLennan from the taint of Steiger's conflict of interest, defendant's convictions must be reversed and a new trial ordered.[6]

Until the conflict of interest issue is resolved, it is not necessary to consider defendant's remaining ineffective assistance of counsel claims and his sentencing claim.

We remand to the trial court for an evidentiary hearing in accordance with this opinion and we retain jurisdiction.

---

[6] We noted earlier that the 2007 Michigan Bar Journal directory lists Steiger as the elected prosecutor for Presque Isle County, although it does not appear he assumed this position until after defendant's trial. If he was the county prosecutor at the time of the trial, defendant is automatically entitled to a new trial.