# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v

BETHANY ANNE COTTONE,

   Defendant-Appellant.

UNPUBLISHED
February 22, 2018

No. 335734
Oakland Circuit Court
LC No. 2016-258583-FH

---

Before: RIORDAN, P.J., and BOONSTRA and GADOLA, JJ.

PER CURIAM.

Defendant appeals by right her convictions, following a bench trial, of second-degree retail fraud, MCL 750.356(d)(1)(a), and resisting or obstructing a police officer, MCL 750.81d. The trial court sentenced her to one year in jail,[1] with 227 days credit for time served. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant was stopped by police at a clothing store located in Oak Park. Defendant had concealed numerous articles of clothing on her person that store employees identified as store merchandise. A purse belonging to the store was stuffed inside her pants with the strap hanging out; the purse contained price tags and clothing sensors matching some of the items found concealed on defendant's person.

Police officers testified that defendant was uncooperative when they attempted to escort her out of the store; she went limp, cursed, and kicked the officers. She also spit at them and attempted to kick the windows out of the police vehicle. Defendant continued to resist during the booking process, requiring the use of a "spit hood."

Defendant testified that she had purchased clothing from the Salvation Army earlier that day, and that all of the items recovered belonged to her. She testified that she had accidentally

---

[1] The trial court also ordered that defendant be allowed to participate in a mental health jail-diversion program called Jail Alliance with Support (JAWS). See https://www.oakgov.com/sheriff/Pages/jail/programs.aspx (last visited January 11, 2018).

placed some price tags and sensors in a purse that she owned while assisting store personnel in cleaning out a fitting room. Defendant denied resisting arrest and testified that the officers punched, kneed, and kicked her without provocation.

Defendant was convicted as described. This appeal followed. On appeal, defendant challenges only the effectiveness of her counsel with respect to her retail fraud conviction.

## II. STANDARD OF REVIEW

A defendant may preserve the issue of ineffective assistance of counsel by making a timely motion for a new trial or a *Ginther*[2] hearing. *People v Foster*, 319 Mich App 365, 390; 901 NW2d 127 (2017), citing *People v Sabin* (*On Second Remand*), 242 Mich App 656, 658-659; 620 NW2d 19 (2000). In this case, defendant did not move the trial court for a new trial and did not request an evidentiary hearing; our review is therefore "limited to mistakes apparent on the appellate record." *Foster*, 319 Mich App at 390 (quotation marks and citation omitted); see also *Sabin*, 242 Mich App at 659, citing *People v Marji*, 180 Mich App 525, 533; 447 NW2d 835 (1989).

"The determination whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012), citing *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). We review de novo the trial court's constitutional determinations and review for clear error its factual determinations. *Lockett*, 395 Mich App at 186, citing *LeBlanc*, 465 Mich at 579.

## III. ANALYSIS

Defendant argues that she was denied the effective assistance of counsel because her attorney failed to move for a directed verdict based upon insufficient evidence at the close of the prosecution's case-in-chief, before her own testimony provided the evidence necessary to convict her of retail fraud. We disagree.

> To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *People v Davenport*, 280 Mich App 464, 468; 760 NW2d 743 (2008). A defendant must also show that the result that did occur was fundamentally unfair or unreliable. *Id*. [*Lockett*, 295 Mich App at 187.]

" 'Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise.' " *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009), quoting *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). "[C]ounsel is not

---

[2] *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973).

ineffective for failing to make a futile motion." *Foster*, 319 Mich App at 391, citing *Sabin*, 242 Mich App at 660.

In deciding a motion for a directed verdict, the trial court must "consider in the light most favorable to the prosecution the evidence presented up to the time the motion is made and determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Schultz*, 246 Mich App 695, 702; 635 NW2d 491 (2001), citing *People v Vincent*, 455 Mich 110, 121; 565 NW2d 629 (1997). " 'Circumstantial evidence and reasonable inferences arising from [the] evidence can constitute satisfactory proof of the elements of a crime.' " *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999), quoting *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993). Regarding the element of intent, "[t]his Court has consistently observed that '[b]ecause of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient.' " *People v Ericksen*, 288 Mich App 192, 198-197; 793 NW2d 120 (2010), quoting *People v McRunels*, 237 Mich App 168, 181; 603 NW2d 95 (1999).

Defendant argues that until she testified at trial there was insufficient evidence that defendant had the intent to steal that is requisite to a second-degree retail fraud conviction. We disagree. The prosecution provided sufficient evidence in its case-in-chief for the trial court to find the essential elements of retail fraud beyond a reasonable doubt.

Second-degree retail fraud is proscribed by MCL 750.356d, which provides in pertinent part:

> (1) A person who does any of the following in a store or in its immediate vicinity is guilty of retail fraud in the second degree, a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $2,000.00 or 3 times the value of the difference in price, property stolen, or money or property obtained or attempted to be obtained, whichever is greater, or both imprisonment and a fine:

> (a) While a store is open to the public, alters, transfers, removes and replaces, conceals, or otherwise misrepresents the price at which property is offered for sale with the intent not to pay for the property or to pay less than the price at which the property is offered for sale if the resulting difference in price is $200.00 or more but less than $1,000.00. [MCL 750.356d(1).]

Therefore, to convict defendant of second-degree retail fraud, the prosecution was required to prove that (1) defendant took or concealed property offered for sale by the store, (2) defendant moved the property with (3) the intent to steal the property, (4) the theft occurred inside or in the immediate vicinity of the store, and (5) the price of the property was greater than $200 and less than $1,000. MCL 750.356d(1)(a); see also M Crim JI 23.13. Defendant only challenges the sufficiency of the evidence that she intended to steal the property.

This Court has previously held that "[i]ntent may be inferred from all the facts and circumstances." *People v Cameron*, 291 Mich App 599, 615; 806 NW2d 371 (2011), citing *People v Hawkins*, 245 Mich App 439, 458; 628 NW2d 105 (2001), and *People v Strong*, 143 Mich App 442, 452; 372 NW2d 335 (1985). "Because of the inherent difficulty of proving a

defendant's state of mind, only minimal circumstantial evidence from which intent may be inferred need be presented." *Cameron*, 291 Mich at 615, citing *Strong*, 143 Mich App at 452, and *People v Bowers*, 136 Mich App 284, 297; 356 NW2d 618 (1984). *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158, 165 (2002). The circumstantial evidence introduced by the prosecution was more than sufficient for the trial court to reasonably infer that defendant intended to steal the merchandise concealed on her person.

The store manager testified that she saw the strap of a purse sold by the store hanging from the back of defendant's pants while defendant was in the check-out line. The manager also testified that she witnessed police officers pulling store merchandise from defendant's pockets, and that defendant had concealed additional store merchandise underneath her clothing. At least some of the tags and security sensors from the items recovered from defendant were found inside the purse that had been stuffed into defendant's pants. The manager's testimony regarding defendant having concealed store merchandise was then corroborated by the testimony of the arresting police officers. This circumstantial evidence, even without defendant's testimony,[3] was sufficient to support the inference that defendant intended to leave the store without paying for the items. See, e.g., *People v Frey*, 168 Mich App 310, 312, 319-320; 424 NW2d 43 (1988) (defendant's concealment of cigarettes inside other packaging while in a store was circumstantial evidence of his intent to steal them) Accordingly, a motion for a directed verdict would have been futile. Defense counsel is not ineffective for failing to make a futile motion. *Foster*, 219 Mich App at 391, citing *Sabin*, 242 Mich App at 660.

Finally, to the extent that defendant argues that her counsel was ineffective for allowing her to testify, this argument is without merit. "[T]he ultimate decision whether to testify at trial remains with the defendant." *People v Bonilla-Machado*, 489 Mich 412, 419; 803 NW2d 217 (2011), citing *Jones v Barnes*, 463 US 745, 751; 103 S Ct 3308; 77 L Ed 2d 987 (1983). In this case, the trial court advised defendant of her right not to testify, and defendant expressed that it was still her desire to testify after speaking with counsel. Defendant fails to explain how her decision to testify was anything other than her own informed, personal choice. And again, in any event, the prosecution's case-in-chief presented sufficient evidence to support her retail fraud conviction.

Affirmed.

/s/ Michael J. Riordan
/s/ Mark T. Boonstra
/s/ Michael F. Gadola

---

[3] Defendant argues that her testimony that she owned the items was what prompted the trial court to conclude that she did not intend to pay for them. The trial court never articulated such a rationale.