# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v

LAWANDA KAY JENKINS,

   Defendant-Appellant.

UNPUBLISHED
March 15, 2018

No. 329846
Wayne Circuit Court
LC No. 15-004374-01-FH

---

Before: CAMERON, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right her bench trial conviction of assault with a dangerous weapon (felonious assault), MCL 750.82. The trial court sentenced defendant to three years' probation and 50 hours' community service in lieu of nonmandatory costs and fees. We reverse and remand for a new trial.

After conviction, defendant moved for a new trial on the basis that she was denied effective assistance of counsel. An evidentiary hearing was held, pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973), at which defendant claimed that her counsel's performance fell below an objective standard of reasonableness when he failed to conduct a basic investigation that would have led to the discovery of a witness who would have corroborated defendant's testimony at trial. The trial court disagreed, and issued an opinion and order denying defendant's motion. On appeal, defendant again asserts that she was denied the effective assistance of counsel.

"The determination whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law." *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012), citing *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court's constitutional determinations are reviewed de novo while factual determinations are reviewed for clear error. *Lockett*, 395 Mich App at 186, citing *LeBlanc*, 465 Mich at 579. "Clear error exists where the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Callon*, 256 Mich App 312, 321; 662 NW2d 501 (2003), citing *People v Parker*, 230 Mich App 337, 339; 584 NW2d 336 (1998).

" 'Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise.' " *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009), quoting *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). "This Court will not

-1-

substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *People v Petri*, 279 Mich App 407, 411; 760 NW2d 882 (2008) (quotations omitted).

> To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *People v Davenport*, 280 Mich App 464, 468; 760 NW2d 743 (2008). A defendant must also show that the result that did occur was fundamentally unfair or unreliable. *Id*. [*Lockett*, 295 Mich App at 187.]

In this case, defendant contends she was denied effective assistance of counsel when her attorney failed to investigate, discover, and, ultimately, subpoena a witness – Tawana McKnight – who would have corroborated defendant's testimony at trial. At the *Ginther* hearing, defendant's attorney, Robert Simmons, testified that defendant provided him with the name, number, and address of a "Jawanda Jones" as a potential witness. Simmons attempted to contact Jones at the telephone number provided but was told "that there was no Jawanda Jones at that particular number." The address he was provided for Jones was 20084 Greenview Avenue in Detroit. That address is directly across the street from defendant's home. According to Simmons, after having been unable to locate Jones by telephone, he focused his investigative efforts on evidence that would bolster defendant's testimony.

Tawana McKnight testified at the *Ginther* hearing that she lived at 20084 Greenview Avenue in Detroit and had lived there for two years. She testified that she was not "friendly" with the people who lived on her block and had not had a conversation with defendant. McKnight testified that on March 25, 2015 between noon and one p.m. she was sitting on her porch while McKnight's fiancé, Alvin Taylor, and a friend of approximately 12 years, Donald Cunningham, were in McKnight's driveway, working on her vehicle. McKnight heard defendant saying "he got my purse." Defendant was on her own porch. A gentleman then jumped into a car in defendant's driveway and starting backing into the street. Cunningham went into the street with a crowbar. The car backing into the street tried to run Cunningham over so Cunningham threw the crowbar at his window. The car took off down the street and Cunningham picked up another heavy object like a brick or stone and threw it at the back window of the car, shattering it. McKnight testified that if she had been subpoenaed to testify at trial as to what she had seen on March 25, she would have gone to the trial and would have testified just as she had at the *Ginther* hearing.

With respect to contact prior to trial, McKnight testified that she is a homemaker and is generally at home. She testified that no one contacted her by telephone or by mail regarding this case, but that someone, possibly Mr. Simmons, left a card at her home. McKnight testified that though there was nothing on the card indicating that it was about the incident at hand, she called the number on the card and left a message with someone, but no one called her back.

Defense counsel had McKnight's proper address, having listed the address on his witness list (albeit attributed to the wrong name) but made no attempt to contact her by mail or in person. It would have taken little effort to obtain the proper name of the witness whose address was

known to defense counsel. Simmons's failure to secure McKnight, the across-the-street neighbor who was known to have witnessed the event, as a witness fell below an objective standard of reasonableness.

Moreover, there is a reasonable probability that counsel's failure altered the outcome of the case, as defendant was deprived of a substantial defense. "The failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v Solloway*, 316 Mich App 174, 189; 891 NW2d 255 (2016) (quotations omitted). " 'A substantial defense is one that might have made a difference in the outcome of the trial.' " *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009), quoting *People v Kelly*, 186 Mich App 524, 526; 465 NW2d 569 (1990).

The trial court found that Simmons's failure to call McKnight as a witness did not deprive defendant of a substantial defense because the substance of the defense was raised in the direct examination of defendant. We disagree.

Defendant's primary defense was that she, and not the complainant, was the victim in this case. Defendant asserted that she had been the victim of a larceny perpetrated by the complainant, and more importantly, that an unnamed man, and not defendant, had broken the complainant's windshield and rear window. While defendant testified to these facts, the only other witness to testify at trial was the complainant. Simmons produced some physical evidence attempting to discredit the complainant's reason for showing up at defendant's house, but the matter essentially came down to a credibility contest between defendant and the complainant. The testimony of McKnight, a disinterested third-party witness who was not friends with either defendant or complainant, corroborated defendant's version of the events that transpired and pointed to defendant's innocence. Defendant testified that she did not leave her porch during the incident and did not touch the complainant's car, but that a man did, after the complainant tried to run him over with his car. McKnight also testified that defendant remained on her porch and that McKnight's long-time friend shattered the complainant's car window after they heard defendant say that the complainant took her purse. Lacking McKnight, an impartial witness's, testimony to corroborate defendant's version of the events deprived defendant of a substantial defense.

Reversed and remanded for a new trial. We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher