## PEOPLE v MARTINEZ

Docket No. 119165. Submitted June 11, 1991, at Detroit. Decided July 23, 1991, at 9:15 A.M. Leave to appeal sought.

Alberto J. Martinez was convicted by a jury in the Macomb Circuit Court, Kathleen Jansen, J., of two counts of first-degree criminal sexual conduct and one count of breaking and entering an occupied dwelling with intent to commit a felony. The defendant appealed.

The Court of Appeals *held:*

1. The beating that the defendant inflicted on the victim immediately before fellatio supplied the element of personal injury with respect to the counts involving fellatio and cunnilingus.

2. It was not improper for the prosecutor to question the defendant's alibi witness regarding her failure to inform the police of the alibi before trial and to make reference to that failure during closing argument. A prosecutor may question an alibi witness regarding why the witness did not come forward with the alibi before trial where, as in this case, the prosecutor has shown that it would have been natural for the witness to come forward.

Affirmed.

1. RAPE — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT — INJURIES — MULTIPLE CRIMINAL COUNTS.

The beating of a victim immediately before a series of sexual penetrations by a defendant supplies the element of personal injury necessary for conviction of first-degree criminal sexual conduct for each penetration where the beatings and the penetration were part of one continuous episode (MCL 750.520b[1][f]; MSA 28.788[2][1][f]).

2. CRIMINAL LAW — ALIBI WITNESSES — FAILURE TO ACT.

The credibility of a witness may be attacked by showing that the witness failed to speak or act when it would have been natural

REFERENCES

Am Jur 2d, Evidence §§ 1162, 1178; Sodomy §§ 17, 18; Witnesses §§ 658, 662, 663.
See the Index to Annotations under Alibi; Sodomy.

to do so if the facts were in accordance with the witness' testimony; a prosecutor may question an alibi witness regarding why the witness did not come forward with the alibi before trial where the prosecutor has shown that it would have been natural to do so.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Robert John Berlin,* Chief Appellate Lawyer, and *Laura Z. Dyze,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Fred E. Bell*), for the defendant on appeal.

Before: GILLIS, P.J., and SAWYER and REILLY, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f), and one count of breaking and entering an occupied dwelling with the intent to commit a felony therein, MCL 750.110; MSA 28.305. Defendant was sentenced to concurrent terms of thirty to fifty years' imprisonment for the convictions of first-degree criminal sexual conduct and to ten to fifteen years' imprisonment for the conviction of breaking and entering. Defendant appeals as of right. We affirm.

Defendant first claims that there was insufficient evidence to support his conviction of the second count of first-degree criminal sexual conduct. The victim testified that defendant beat her for twenty minutes, striking her forty to sixty times and inflicting numerous injuries. After the victim stopped screaming, defendant grabbed her by the hair and removed his clothes. Defendant ripped the victim's dress. Defendant then pulled the victim's hair and made her move to a position where

she could perform fellatio on him. Defendant then attempted to force the victim into the bedroom. The victim was struggling because she did not want to go into the bedroom, where her toddler was sleeping. Defendant complied with the victim's pleas not to go into the bedroom. Defendant brought the victim back into the living room and pushed her onto the floor. Defendant, who was on top of the victim, demanded that she perform fellatio on him, which she did. Defendant then performed cunnilingus on the victim. The victim observed her child watching and crying. Defendant told the victim to perform fellatio on him again. The victim begged defendant to let her go to her child. Defendant gathered some of his belongings and left. Clumps of the victim's hair were on the floor. The victim testified that defendant was in her apartment for less than thirty minutes.

Defendant was charged with two counts of first-degree criminal sexual conduct. The first count involved fellatio; the second, cunnilingus. Defendant claims that the initial beating, while sufficient to supply the personal injury element for the count involving fellatio, was insufficient to supply the personal injury element for the count involving cunnilingus. Defendant relies on *People v Payne,* 90 Mich App 713, 717-719; 282 NW2d 456 (1979), where this Court held that an initial beating could not support the personal injury element for penetrations that occurred after the first one.

Another panel of this Court rejected *Payne* in *People v Hunt,* 170 Mich App 1, 8; 427 NW2d 907 (1988), holding:

The beating visited upon the complainant immediately prior to the series of sexual penetrations is sufficient to supply the element of personal injury with respect to each of the subsequent penetra-

tions so as to support multiple convictions under MCL 750.520b(1)(f); MSA 28.788(2)(1)(f).

In doing so, this Court noted that the defendant never indicated his intention to discontinue the attack during the entire episode. *Id.* at 9. We agree with *Hunt.*

Defendant also claims that *Hunt* is distinguishable because of the immediacy of the penetrations following the assault. We hold that the penetrations in this case occurred within ten minutes of the assault and there was no indication of the defendant's intention to discontinue the attack during the entire episode. Hence, there was sufficient evidence to support the personal injury element with respect to the count involving cunnilingus. *Id.*

Defendant also claims that the prosecutor improperly questioned his alibi witness' failure to contact the police before trial. Defendant further claims that the prosecutor's remarks during closing argument concerning the alibi witness' failure to come forward were also improper. We note that defendant failed to object below and, therefore, the issue is not preserved absent manifest injustice.

The alibi witness testified that she had known defendant for twenty-five or thirty years. The witness and the defendant dated on and off throughout the years, but dated exclusively during the summer of the assault. The witness and defendant were involved in a sexual relationship. The witness learned of defendant's arrest on the sex charge on the Sunday after he was arrested. The witness denied learning the date of the alleged crime; however, she later testified that, at one point, she was with defendant every night until one or two in the morning, when she left to go home. When asked why she did not go to the

police, the witness responded that she was unaware of the proceedings beyond defendant's arrest and that she assumed that defendant was innocent.

Defendant relies on *People v Kraai,* 92 Mich App 398, 410-411; 285 NW2d 309 (1979), for the proposition that an alibi witness has no legal duty to report her knowledge. We note that *Kraai* dealt with an alibi witness' failure to report her knowledge concerning the defendant's escape. This Court held that it was impermissible for the prosecutor to discredit the witness by insinuating that she failed to act as a good citizen. *Id.*

On numerous occasions, this Court has held that the credibility of a witness may be attacked by showing that he failed to speak or act when it would have been natural to do so if the facts were in accordance with his testimony. *People v Clifton Fuqua,* 146 Mich App 250, 254-256; 379 NW2d 442 (1985); *People v Lafayette,* 138 Mich App 380, 388-389; 360 NW2d 891 (1984); *People v McClow,* 40 Mich App 185, 192-193; 198 NW2d 707 (1972). Therefore, a prosecutor may question an alibi witness regarding why he did not come forward with his story before trial after the prosecutor has shown that it would have been natural for the witness to come forward. *Id.*

Defendant claims that it would be unnatural for an alibi witness to disclose information to the police. Instead, he argues that the witness would disclose the information to defense counsel. There is no indication that the witness in this case disclosed the information to anyone until contacted by defense counsel the Friday before trial. As noted above, the witness had an intimate and long-term relationship with defendant. She knew why the police had custody of defendant and she also believed that defendant could not have com-

mitted the crime because he was with her. Under these circumstances, we believe that it would have been natural for her to disclose the information to the police. *Fuqua, supra* at 255-256. Hence, no manifest injustice resulted.

Affirmed.