*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 25, 2020

Plaintiff-Appellee,

v

No. 347289
Macomb Circuit Court

MICHAEL LOUIS PARIS,

LC No. 2018-000422-FH

Defendant-Appellant.

Before: LETICA, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Defendant was convicted by a jury of felonious assault, MCL 750.82, and was sentenced to 18 months' probation and two days in jail. Defendant appeals as of right. This appeal has been decided without oral argument pursuant to MCR7.214(E). We affirm.

## I. FACTUAL BACKGROUND

This case arises out of a traffic altercation that occurred on August 21, 2017. At approximately 6:00 p.m. on that date, Corey Pierce was riding his motorcycle southbound on M-53 when defendant merged onto the highway and almost hit Pierce. Pierce was accompanied by his coworker, John Kowalski, who was riding his own motorcycle. Pierce pulled up next to defendant's vehicle and gestured at Pierce with his middle finger. Pierce returned the gesture. At some point, defendant drew a firearm and pointed it at Pierce. Pierce recalled that he was shocked, and afraid of being shot by defendant.

Pierce and defendant both exited the highway and pulled into a parking lot. After brief questioning, defendant was arrested and his vehicle was searched. Officers recovered a loaded firearm from a holster attached to the steering column in defendant's vehicle. At some point after defendant's arrest, and after he admitted pointing the gun at Pierce, defendant informed the officers that he wished to speak with his attorney.

Defendant testified on his own behalf. During cross-examination, he testified that he was not offered the opportunity to tell the police officers his account of the confrontation with Pierce. The prosecutor called a police officer as a rebuttal witness who testified that defendant was given

the opportunity to tell the police officers his account of the confrontation with Pierce, but he invoked his right to remain silent. The prosecutor commented on defendant's invocation of his right to remain silent several times during closing argument.

On appeal, defendant argues that the prosecutor's references to defendant's post-arrest exercise of his right to remain silent denied him a fair trial. Defendant also argues that the evidence presented at trial was insufficient to establish beyond a reasonable doubt that he committed felonious assault. We reject both arguments.

## II. DUE PROCESS

Defendant argues that the prosecutor's questions and comments regarding defendant's invocation of his right to remain silent after his arrest resulted in plain error affecting defendant's substantial rights. We disagree.

"In order to preserve an issue for appellate review, it must be raised before and considered by the trial court." *People v Solloway*, 316 Mich App 174, 197; 891 NW2d 255 (2016). During trial, defendant failed to object to the prosecutor's questions and statements regarding his silence, and defendant failed to assert that he was denied his Fourteenth Amendment right to due process and his Fifth Amendment right to remain silent. Thus, this issue is unpreserved.

"Unpreserved claims of constitutional error are reviewed for plain error affecting a defendant's substantial rights." *People v Brown*, 326 Mich App 185, 192; 926 NW2d 879 (2018). Under a plain error analysis, "defendant must establish (1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected defendant's substantial rights." *People v Kowalski*, 489 Mich 488, 505; 803 NW2d 200 (2011). An error affects a defendant's substantial rights if it affects the outcome of the lower court proceedings. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Reversal is warranted only when the plain error resulted in the conviction of an actually innocent defendant or when an error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Kowalski*, 489 Mich at 506 (citation and quotation marks omitted).

At the outset, we note that "[t]he defendant's right to due process is implicated only where his silence is attributable to either an invocation of his Fifth Amendment right or his reliance on the *Miranda*[1] warnings." *People v Solmonson*, 261 Mich App 657, 664-665; 683 NW2d 761 (2004) (citations omitted). "Thus, where a defendant has received no *Miranda* warnings, no constitutional difficulties arise from using the defendant's silence before or after his arrest as substantive evidence unless there is reason to conclude that his silence was attributable to the invocation of the defendant's Fifth Amendment privilege." *Id*. at 665 (citations omitted). Despite an absence of record evidence as to the issuance of Miranda warnings or the invocation of the right to remain silent the parties agree that the defendant did invoke his right to remain silent and also agree that he was given *Miranda* warnings. Accordingly, we will presume that defendant's due

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 696 (1966).

process right was implicated because defendant's silence was attributable to either an invocation of his Fifth Amendment right to remain silent or his reliance on *Miranda* warnings.

Generally, the credibility of a witness may be attacked by showing that he failed to speak or act when it would have been natural to do so if the facts were in accordance with his testimony. *People v Martinez*, 190 Mich App 442, 446; 476 NW2d 641 (1991). However, the constitutional privilege against self-incrimination and the right to due process restrict the use of a defendant's silence in a criminal trial. *People v Clary*, 494 Mich 260, 265; 833 NW2d 308 (2013). A defendant's silence may not be used as direct evidence of guilt in the case-in-chief, nor may it be used to impeach the defendant's exculpatory testimony. *People v Shafier*, 483 Mich 205, 213-214; 768 NW2d 305 (2009). However, the constitutional preclusion of evidence of the defendant's silence does not extend to a brief reference to a defendant's silence for impeachment in limited circumstances. *People v Dennis*, 464 Mich 567, 575, 579-580; 628 NW2d 502 (2001).

Evidence of the defendant's silence may be admitted at trial to contradict a defendant's testimony that the trial was his first opportunity to explain his version of events. *Solmonson*, 261 Mich App at 664. This exception was exemplified in this Court's opinion in *People v Allen*, 201 Mich App 98, 103; 505 NW2d 869 (1993). In *Allen*, the defendant testified on cross-examination that the trial was his first opportunity to explain his version of the events leading to his arrest. *Id*. The prosecutor questioned defendant about his post-arrest silence, and, during the prosecutor's closing argument, he stated that defendant had a prior opportunity to explain his version of the events leading to his arrest. *Id*. Despite the prosecutor's questions and statements, this Court held that the defendant was not denied his Fourteenth Amendment right to due process. *Id*. In doing so, this Court determined that the defendant's testimony, that trial was his first opportunity to tell his version of events, permitted the prosecutor to attempt to discredit the defendant by showing that the defendant did have an opportunity to explain his version of the events before trial. *Id*. This Court supported its reasoning by stating, "[h]aving raised the issue of his opportunity to explain his version of the events, [the defendant] opened the door to a full and not just a selective development of the subject." *Id*. (citation and quotation marks omitted).

The facts in this case bear several similarities to those in *Allen*. See *id*. Much like the defendant in *Allen*, defendant testified on cross-examination that he was not offered the opportunity to tell police officers his account of the confrontation with Pierce and Kowalski, thereby implying that the trial was his first opportunity to explain his version of the events leading to his arrest. The prosecutor briefly questioned defendant about his post-arrest silence, and, during the prosecutor's closing argument, he stated that defendant had the opportunity to explain the traffic altercation to the police before he was arrested. As this Court reasoned in *Allen*, the defendant was not denied his Fourteenth Amendment right to due process or his Fifth Amendment right to remain silent by the prosecutor's questions and statements regarding defendant's invocation of his right to remain silent after his arrest. The prosecutor's questions and statements were proper because they contradicted defendant's testimony that he was not offered the opportunity to tell police officers his account of the confrontation with Pierce and Kowalski. See *Solmonson*, 261 Mich App at 664. Therefore, the prosecutor's questions and statements did not result in plain error, although his repeated discussion of the invocation of the right to counsel presented a closer question

Assuming arguendo that the prosecutor's questions or at least statements resulted in plain error, the plain error did not affect defendant's substantial rights. An error affects a defendant's substantial rights if it affects the outcome of the lower court proceedings. *Carines*, 460 Mich at 763. The alleged error did not affect the outcome of the trial proceedings. Pierce testified that defendant pointed a firearm at him while they were on M-53, and Officer Ryan Hartsmith (Hartsmith) testified that defendant admitted to pointing a firearm at Pierce. This testimony, coupled with the evidence that Officer Robert Wathen (Wathen) recovered a loaded firearm that was in a holster attached to defendant's steering column, strongly supported the verdict. Furthermore, this Court "cannot find error requiring reversal where a curative instruction could have alleviated any prejudicial effect." *People v Bennett*, 290 Mich App 465, 476; 802 NW2d 627 (2010). The jury could have been instructed that the questions and statements regarding defendant's post-arrest silence were only admissible for the limited purpose of discrediting defendant's testimony regarding having an opportunity to give his version of events prior to trial. Because juries are presumed to follow their instructions, this curative instruction could have alleviated the prejudicial affect that the prosecutor's questions and/or statements may have had. *People v Bruner*, 501 Mich 220, 228; 912 NW2d 514 (2018).

## III. SUFFICIENCY OF THE EVIDENCE

Defendant also argues that there was insufficient evidence presented at trial to establish beyond a reasonable doubt that defendant was guilty of felonious assault. Again, we disagree.

Questions regarding the sufficiency of the evidence are reviewed de novo. *People v Osby*, 291 Mich App 412, 415; 804 NW2d 903 (2011). "In determining whether the prosecutor has presented sufficient evidence to sustain a conviction, an appellate court is required to take the evidence in the light most favorable to the prosecutor." *People v Bosca*, 310 Mich App 1, 16; 871 NW2d 307 (2015), application for leave to appeal held in abeyance 911 NW2d 465 (2018) (citation and quotation marks omitted). "[T]he question on appeal is whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *Id*. (citation and quotation marks omitted). All conflicts in the evidence must be resolved in favor of the prosecution, and an appellate court will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses. *Id*.

"The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Jackson*, 487 Mich 783, 787 n 2; 790 NW2d 340 (2010) (citation and quotation marks omitted). A defendant commits an assault when there is "an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Meissner*, 294 Mich App 438, 454; 812 NW2d 37 (2011) (citation and quotation marks omitted). "A battery is an intentional, unconsented and harmful or offensive touching of the person of another." *Id*.

The evidence presented at trial was sufficient to establish beyond a reasonable doubt that defendant committed an assault. There was ample record evidence that defendant pointed a loaded firearm at Pierce. Pierce testified that defendant pointed a firearm at him, Hartsmith testified that defendant admitted to pointing a firearm at Pierce, and Wathen testified that he recovered a loaded firearm that was in a holster attached to the steering column in defendant's vehicle. Pierce

identified the firearm found in defendant's vehicle as the firearm that defendant pointed at him on M-53. Pierce also testified that he was afraid of being shot by defendant. Thus, a rational trier of fact could determine that defendant committed an assault by performing an unlawful act that placed another in reasonable apprehension of receiving an immediate battery.

The evidence presented at trial was sufficient to establish beyond a reasonable doubt that defendant committed the assault with a dangerous weapon. This Court has held that a firearm is a dangerous weapon for purposes of a felonious assault conviction. *Bosca*, 310 Mich App at 21. As previously indicated, Pierce testified that defendant pointed a firearm at him, Hartsmith testified that defendant admitted to pointing a firearm at Pierce, and Wathen testified that he recovered a loaded firearm that was in a holster attached to the steering column in defendant's vehicle. Thus, a rational trier of fact could determine that defendant possessed a dangerous weapon when he committed the assault.

Finally, the evidence presented at trial was sufficient to establish beyond a reasonable doubt that defendant possessed the intent to injure or place Pierce in reasonable apprehension of an immediate battery. "A trier of fact can infer a defendant's intent from his words, acts, means, or the manner used to commit the offense." *People v Harrison*, 283 Mich App 374, 382; 768 NW2d 98 (2009). Additionally, "minimal circumstantial evidence will suffice to establish the defendant's state of mind[.]" *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008). Threatening conduct is sufficient to place a person in reasonable apprehension of immediate battery. *People v Reeves*, 458 Mich 236, 244; 580 NW2d 433 (1998). Pierce testified that defendant pointed a firearm at him shortly after they exchanged gestures expressing their displeasure with each other's driving. Moreover, defendant testified that he held his firearm up to the window in an attempt to get Pierce to "back off." Thus, a rational trier of fact could infer from defendant's statements and actions that, by pointing his loaded firearm at defendant, he intended to place defendant in reasonable apprehension of an immediate battery.

Affirmed.

/s/ Anica Letica
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien